**Michael J. DIEKHOFF, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 16S00-8810-CR-877.**

Supreme Court of Indiana.

June 21, 1990.

Mark J. Dove, Rogers & Dove, North Vernon, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Manslaughter, a Class B felony, for which he received a sentence of ten (10) years, enhanced by ten (10) years for aggravating circumstances, and Battery, a Class A misdemeanor, for which he received a sentence of one (1) year, the sentences to run consecutively.

■ The trial commenced on April 25, 1988. At 3:58 p.m. on that day, the trial judge adjourned court and stated that the court would reconvene at 8:30 a.m. the next day. The record discloses that the members of the jury, the prosecuting attorney, and the defendant all understood that court was to reconvene at 8:30 the following morning. However, both defense counsel, Mark J. Dove and Kenneth R. Bass, stated that they understood that court was to reconvene at 9:00 a.m.

The following morning between 8:30 and 8:35, all concerned were assembled to commence trial with the exception of defense counsel and defendant. At that time, Mr. Bass entered the courtroom and expressed surprise when informed by the trial judge that they were ready to reconvene the trial. Mr. Bass then called his office where appellant was waiting for the arrival of Mr. Dove. Mr. Bass instructed appellant to remain in his office until Mr. Dove arrived. Then, although the trial court had told him specifically that the trial was beginning, Mr. Bass left the courtroom and went to a nearby office to interview a potential witness.

At approximately 8:35 a.m., the trial court instructed the prosecutor to call his witness. The prosecutor called the alleged victim to the witness stand and, after preliminary questions, addressed the trial court stating that he feared appellant's Sixth Amendment rights might be impaired if he proceeded further with neither the defendant nor his counsel in the courtroom. Nevertheless, the trial judge directed the prosecutor to proceed.

Approximately twenty minutes later, defense counsel entered the courtroom and expressed surprise that the questioning of the victim had proceeded in their absence. They immediately requested a recess in order to prepare to continue the trial. However, the recess was denied by the trial court. The prosecution was directed to continue the examination of the victim and when it concluded, appellant's counsel moved for a mistrial based on the fact the witness had been questioned for several minutes in the absence of appellant and his defense counsel.

Appellant now asserts the trial court erred in denying his motion for mistrial. It is evident that counsel's failure to ascertain the correct starting time is strange in view of the understanding of everyone else, including the defendant himself, that the trial was to commence at 8:30 that morning. Even if we extend counsel the benefit of the doubt and indulge their claim of a misunderstanding of the time, the conduct of Mr. Bass was inexcusable in leaving the courtroom at the precise time the trial judge stated from the bench that the trial was commencing. The trial court certainly would have been justified in finding him in contempt of court.

One certainly can sympathize with the trial judge in his exasperation at counsel's conduct. However, as pointed out by appellant in his brief, given that several avenues were available to the judge, including incarceration of counsel for contempt of court, such conduct cannot justify the trial judge in ordering the prosecutor to proceed in appellant's absence. This is not a situation in which a defendant deliberately absents himself from a courtroom where he knows he is to be tried, as found in *Carter v. State* (1986), Ind., 501 N.E.2d 439.

In the case at bar, appellant understood that he was to be in court ready for trial at 8:30 a.m. However, he followed the instructions of his counsel, Mr. Bass, and went to Mr. Bass's office to await the arrival of Mr. Dove. When Mr. Dove arrived at the office, the two then went to the courtroom, where by that time the trial was in progress. The action of the trial court in insisting that the prosecuting attorney proceed in the absence of appellant and his counsel deprived appellant of his constitutional right to be present during the trial. Although the conduct of his counsel was reprehensible, we cannot impute responsibility therefor to appellant under the circumstances.

█ Appellant raises the additional question that it was error to sentence him both for the attempted voluntary manslaughter and for the battery against the same person. Appellant is correct in this observation in that such a sentence violates Ind.

Code § 35–38–1–6. *See also Williams v. State* (1978), 267 Ind. 700, 373 N.E.2d 142.

The trial court is reversed and this case is remanded for a new trial.

SHEPARD, C.J. and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.