658 A.2d 239

Lebon Bruce WALKER and Patricia Annette Lee

v.

STATE of Maryland.

No. 62, Sept. Term, 1994.

Court of Appeals of Maryland.

May 10, 1995.

Reconsideration Denied June 15, 1995.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellants.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

This case presents the question of whether a trial court may permit a criminal trial to proceed in the defendant's absence if the defendant is informed of when the trial will commence and then voluntarily fails to appear on that date. We answer in the affirmative.

After a jury trial in absentia in the Circuit Court for Montgomery County, appellants Lebon Bruce Walker and Patricia Annette Lee were each convicted of conspiracy to commit theft and nine counts of theft of property having a value of $300 or greater, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27, § 342. They appealed their convictions to the Court of Special Appeals, and we caused a writ of certiorari to issue to that court prior to its consideration of the case. We affirm.

## I.

Pursuant to a fraudulent scheme inaugurated in 1988, Walker and Lee, who are married to each other, and Lee's mother, Anna L. Hall, stole more than $2 million from lenders and investors in a complicated web of phony real estate projects. A grand jury in Montgomery County indicted the three co-conspirators on identical charges, and the State's motion for a consolidated trial on the three indictments was granted.

After a series of oscillations in their pre-trial detention status, Walker and Lee were ultimately released on bond, with Lee subject to supervision by the Pre–Trial Services Unit.[1] Around January 10, 1993, eight days before their trial was scheduled to begin, Walker and Lee disappeared from their apartment in Germantown, in Montgomery County. On Janu-

---

1. It appears from the record that Hall was also released on bond prior to trial. She was present at the trial and is not a party to this appeal.

ary 11 and 14, after this situation was reported to the court by the Pre–Trial Services Unit, Judge Ann S. Harrington of the circuit court issued bench warrants for the appellants.

The case against Hall, Lee, and Walker was called for trial on January 18, 1993, as scheduled, and Walker and Lee did not appear. Judge Harrington then conducted a hearing concerning the appellants' absence. Based on a colloquy with the appellants' counsel, Larry Greenberg, the court found as a fact that the appellants had been notified of the trial date and location. Then, the State called a representative from the Pre–Trial Services Unit, who testified that Walker and Lee had not been heard from since January 10; the agent also recounted that he had searched their apartment and discovered that most of their possessions had been removed. The Assistant State's Attorney represented to the court that the State would be calling between forty and forty-five witnesses during the trial.

After hearing from the State and from Mr. Greenberg and co-defendant Hall's counsel, Judge Harrington ruled that the trial of Hall and the appellants would proceed and the appellants would be tried in absentia. In explaining the rationale for this ruling, the court noted the slim probability that Walker and Lee could be located quickly and the burden on the State of severing and rescheduling such a complex case and recalling all the witnesses for a second trial. After further proceedings, the jury was selected and sworn.

The next day, outside the presence of the jury, Mr. Greenberg informed the court that he believed that his clients could not get a fair hearing in absentia and that they would not want him to participate in the trial. He then engaged in the following conversation with the court:

MR. GREENBERG: Therefore, I will not further validate these proceedings by my participation and I respectfully ask this court to excuse my appearance from this case.

If the court orders me to remain here, I will do so, but I shall not in any way participate further in the trial.

THE COURT: May I ask you this, Mr. Greenberg, do you believe, as a strategy of defense of your clients and in their best interests, that it would be appropriate for you not to actively participate in the examination of any witnesses? Is that correct?

MR. GREENBERG: I do believe that.

\*    \*    \*    \*    \*    \*

THE COURT: Okay. Well, for the reasons I believe that I stated upon the record yesterday, and in the ruling that I make, I will deny the motion for you to be excused from the trial, and I believe as we discussed, you are required to participate in their defense since the trial against them is proceeding, and I believe you have stated upon the record that you propose to follow what you believe to be the rules of professional responsibility that apply to you and the manner which you have chosen to safeguard their rights.

MR. GREENBERG: Thank you.

THE COURT: Thank you.

Adhering to his announced strategy, Greenberg waived opening statement, made no motions or objections, did not cross-examine any witnesses, and did not call any witnesses on behalf of Walker and Lee. At the end of the trial, he raised the possibility of arguing jury nullification in his closing statement. When the court refused to permit this, Mr. Greenberg made no closing argument at all.

The jury found Walker and Lee guilty on all counts. Hall was found guilty of conspiracy and seven counts of theft over $300; because the jury was deadlocked on the remaining two theft charges against Hall, the State nol prossed them.

Nine months after this verdict, Walker and Lee were apprehended in Zambia and returned to the United States.[2] After

---

**2.** After their return, the appellants were convicted of bail bond jumping, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27, § 12B. Those convictions were affirmed on appeal. *Walker and Lee v. State*, 101 Md.App. 728 (Ct.Spec.App.1994), *cert. denied*, 337 Md. 90, 651 A.2d 854–55 (1995).

sentencing, they noted a timely appeal to the Court of Special Appeals, and we caused a writ of certiorari to issue to that court prior to its consideration of the case. The appellants present four objections to the validity of their conviction:

(1) Conducting the trial in their absence deprived them of their common-law right to be present at trial and their constitutional right of confrontation.

(2) They were denied effective assistance of counsel by their attorney's refusal to participate at trial and by his joint representation of both appellants.

(3) They were deprived of the right to counsel during pre-trial hearings.

(4) The prosecution committed misconduct by eliciting perjury during grand jury proceedings.

We find no error and affirm the convictions.

## II.

■ The appellants' first exception to their conviction concerns the court's decision to proceed with the trial in their absence. We find no error.

This case bears a substantial resemblance to *Barnett v. State*, 307 Md. 194, 512 A.2d 1071 (1986). In *Barnett*, the defendant's case was called for trial, and the court dispensed with some initial matters and then instructed the defendant and counsel to return the following morning for jury selection. The next day, counsel was present for trial, but the defendant did not appear. The court proceeded with a jury trial in absentia, and Barnett was found guilty. After his apprehension, Barnett appealed, and the case reached this Court in the form of a certified question from the Court of Special Appeals. We found that, under Maryland Rule 4–231(c)(3), Barnett's voluntary absence effected a waiver of his common-law right to be present at trial. In addition, we held that Barnett had made a knowing and voluntary waiver of his constitutional

confrontation rights.[3]

Walker and Lee assert that the *Barnett* Court misconstrued Maryland Rule 4–231 and that *Barnett* should therefore be overruled. They also claim that this case is distinguishable, based on their attorney's non-participation at trial. We address these arguments separately.

## A.

Walker and Lee argue that *Barnett* should be overruled, on the basis that this Court misconstrued Rule 4–231(c). They contend that, contrary to our holding in *Barnett*, this Rule permits trial in absentia only when a defendant absconds after trial has commenced.

Rule 4–231 concerns the defendant's right to be present at trial. Section (c) of the rule applies to the waiver of this right:

(c) **Waiver of Right to Be Present.**—The right to be present under section (b) of this Rule is waived by a defendant:

(1) who is voluntarily absent after the proceeding has commenced, whether or not informed by the court of the right to remain; or

(2) who engages in conduct that justifies exclusion from the courtroom, or

(3) who, personally or through counsel, agrees to or acquiesces in being absent.

The appellants suggest that this Rule was modeled after Federal Rule of Criminal Procedure 43, and that our interpretation of the Maryland provision should therefore be guided

---

**3.** The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *See Pointer v. Texas,* 380 U.S. 400, 400–01, 85 S.Ct. 1065, 1066, 13 L.Ed.2d 923 (1965) (holding that the Confrontation Clause is applicable in state prosecutions). The same guarantee appears in Article 21 of the Maryland Declaration of Rights.

by federal court pronouncements regarding the Federal Rule.[4] In *Crosby v. United States*, —— U.S. ——, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), decided after *Barnett*, the United States Supreme Court held that Federal Rule 43 does not permit a trial in absentia when the defendant absconds prior to the commencement of trial. Walker and Lee argue that this interpretation undermines the continued vitality of *Barnett*.

As the appellants concede, the Supreme Court's interpretation of a federal rule does not bind this Court in interpreting a Maryland rule, even where our rule is modeled after its federal counterpart. In this instance, even the persuasive force of the Supreme Court's decision is minimal, as that Court relied on aspects of the Federal Rule which are not present in Rule 4–231.

In *Crosby*, the defendant was arraigned and attended pre-trial proceedings, but he did not appear for trial. The Supreme Court held that Rule 43(b)(1), which provides that the right to be present is waived if the defendant absconds "after the trial has commenced," should be taken literally. Thus, where a defendant disappears before trial, as Crosby did, Rule 43(b)(1) does not authorize trial in absentia. *Id.* at —— – ——, 113 S.Ct. at 752–53. Noting the express mandate in Rule 43(a) that the "defendant shall be present ... at every stage of the trial ... except as otherwise provided by this rule," and finding no provision in the Rule that would permit a trial in absentia in the circumstances before it, the Court held

---

4. The analogous section of the Federal Rule is Rule 43(b), which provides as follows:

> (b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
>> (1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial), or
>> (2) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

that the defendant's conviction must be reversed. *Id.* at ——, 113 S.Ct. at 753.

This reasoning is inapposite to our interpretation of Maryland Rule 4–231(c). Rule 4–231(c)(3), which has no analog in the federal rule, permits the trial court to find a waiver of the right to be present whenever the defendant, "personally or through counsel, agrees to or acquiesces in being absent." We relied on this provision to find a waiver of common-law rights in *Barnett.* 307 Md. at 204, 512 A.2d at 1076. We see nothing in *Crosby* that invites a reexamination of that conclusion.

### B.

█ Walker and Lee argue that, even if *Barnett* were correctly decided, this case is distinguishable, because Barnett's counsel took an active role at trial, whereas their attorney refused to participate. To support this point, they direct our attention to decisions from other jurisdictions where convictions were reversed because the trial, or some portion of it, took place with both the defendant and counsel out of the courtroom. *See, e.g., Diekhoff v. State,* 555 N.E.2d 477 (Ind. 1990); *Wagstaff v. Barnes,* 802 P.2d 774 (Utah Ct.App.1990). This is not such a case. Walker and Lee had a lawyer representing them at trial. Greenberg expressly stated that his non-participation served the wishes and the best interests of his clients. While the appellants assert that this "silent strategy" constituted ineffective assistance, an argument we address next, we will not ignore the fact that there was a lawyer in the courtroom on the appellants' behalf.

For the foregoing reasons, we conclude that the trial court did not err in permitting this case to proceed without Walker and Lee present.

### III.

█ Walker and Lee assert that their trial counsel provided ineffective assistance in two ways. First, they contend that Greenberg's decision to abide the trial silently constituted a

complete denial of the assistance of counsel. Second, they maintain that the representation of both appellants by Greenberg created a conflict of interest, which precluded Greenberg from rendering effective assistance to both of his clients.

We shall leave these issues for consideration on post conviction, should Walker or Lee choose to pursue the matter. "We have consistently held that the desirable procedure for determining claims of inadequate assistance of counsel, when the issue was not presented to the trial court, is by way of the Post Conviction Procedure Act." *Stewart v. State*, 319 Md. 81, 92, 570 A.2d 1229, 1234 (1990). The consideration of ineffective assistance claims in a trial setting provides the opportunity to develop a full record concerning relevant factual issues, particularly the basis for the challenged conduct by counsel. *Johnson v. State*, 292 Md. 405, 434–35, 439 A.2d 542, 559 (1982). Consequently, we will not reach Walker and Lee's claim of ineffective assistance of counsel.

## IV.

■ We shall also leave the appellants' final two assignments of error for post conviction proceedings, should either of them elect to pursue these issues. The third assignment relates to a claim that the trial court improperly refused to appoint counsel to represent the appellants during pre-trial proceedings. In their fourth exception, Walker and Lee allege that the prosecutor suborned perjury from co-defendant Hall during proceedings before the grand jury that indicted them. They assert that this action constituted prosecutorial misconduct and effected a denial of due process.

■ There is nothing in the record before us to indicate that these issues were ever raised or decided below. We ordinarily will not review an issue that was not presented to the trial court. Maryland Rule 8–131(a); *County Council v. Offen*, 334 Md. 499, 639 A.2d 1070 (1994). It is not clear, however, whether the appellants' failure to raise these issues and to develop an adequate record is intertwined with their claim of ineffective assistance of counsel. Accordingly, we will

not address these questions, but will leave the door open for consideration of these matters, and the concomitant issue of waiver, in post conviction proceedings.

Finding no error, we affirm the convictions.

*JUDGMENT OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY THE APPELLANTS.*