737 A.2d 613

**Donathan Wayne COOPER**

**v.**

**STATE of Maryland.**

**No. 1915, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Sept. 10, 1999.

258

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and M. Kenneth Long, Jr., State's Atty. for Washington County, Hagerstown, on the brief), for appellee.

Submitted before SALMON, SONNER and ADKINS, JJ.

SALMON, Judge.

On June 30, 1998, appellant, Donathan Wayne Cooper, was arrested and charged with distribution of cocaine, possession of cocaine with intent to distribute, possession of cocaine, conspiracy to distribute cocaine, resisting arrest, and two charges of second degree assault. A jury trial was commenced on November 24, 1998, in the Circuit Court for Washington County. The jury found Cooper guilty of all charges, and the court sentenced appellant as follows: (1) twenty years for possession with intent to distribute cocaine; (2) twenty years for conspiracy to distribute cocaine, to be served consecutively with the sentence for possession with intent to distribute cocaine; (3) five years for resisting arrest, to be served concurrently to the sentence for distribution of cocaine; and (4) ten years for each assault conviction, one to be served concurrently to the sentence for distribution of cocaine, the other to be served consecutively to the distribution conviction. Cooper appealed to this Court and raises five questions for our review, which we have rephrased:

1. Should the two sentences for assault be merged into the sentence for resisting arrest?

2. Was the evidence sufficient to convict appellant of conspiracy to distribute cocaine?

3. Was the evidence sufficient to convict appellant of resisting arrest or assault?

4. Should the sentence for conspiracy to distribute cocaine have been merged with the conviction for distribution of cocaine?

5. Did appellant receive effective assistance of counsel at trial?

## I. FACTS

On June 30, 1998, James Newlin, an informant for the Washington County Narcotics Task Force, was equipped with a body wire and sent by the police to make a controlled purchase of cocaine in the Jonathan Street area of Hagerstown, Maryland. The police gave Newlin one hundred dollars in marked money to make the purchase. After arriving at the designated area shortly after 5:00 p.m., Newlin circled the block in his car, returned to the corner, and pulled over. He was approached by a man in a white tee-shirt and purple sweat pants, later identified as Reginald Walker. Walker asked, "What do you need?" and Newlin replied, "I need a hundred." Walker told him to make a right turn onto Murph Avenue and park. When he did so, appellant and Walker followed, and Walker handed something to appellant. Appellant then approached Newlin and handed him several pieces of crack cocaine. In turn, Newlin handed appellant one hundred dollars in marked currency. Appellant then crossed the street, and he and Walker started walking up Murph Avenue toward Jonathan Street.

After the transaction, Newlin spoke into his recording device and notified Agent Wayne Ditlow, the police supervisor of the controlled buy, that the transaction was complete. Newlin told agent Ditlow that the man with Walker was wearing black trousers with white thread and an "ordinary white tee-shirt"; he also described Walker's attire. Using these descriptions, Agent Ditlow relayed to the "stop units" the description provided by Newlin and advised the units that the two men were walking down Jonathan Street.

Officer Christopher Kayser, a member of the arrest team, was hiding in an alley when he received Ditlow's report. Kayser, who was on a bicycle, approached appellant at the intersection of Jonathan Street and Murph Avenue, which were approximately fifty yards from where Kayser had been hiding. When Kayser tried to arrest appellant, appellant pulled from Kayser's grasp and punched Kayser repeatedly in the head. Sergeant Mark Haltzman moved in to assist in the arrest and saw appellant strike Officer Kayser. Appellant also struck Haltzman in the face as Haltzman came to Kayser's rescue. Other team members arrived, and appellant was handcuffed. Officer Kayser then caught up with Walker, who was searched. The one hundred dollars in marked money was found in Walker's possession. The clothing appellant was wearing after his arrest included a pair of dark blue trousers and a white tee-shirt with a Penn State logo on the front.

At the police station, Newlin identified appellant as the person who handed him the crack cocaine. In a conversation with Agent Ditlow in the booking area, appellant said that the cocaine belonged to Walker and that he was selling drugs for Walker. He also said that he gave the money to Walker after the sale.

Additional facts will be added as necessary to resolve the issues presented.

## II. ANALYSIS

### A. Issue I—Merger of Assault and Resisting Arrest

Appellant contends that the offenses of assault and resisting arrest should be merged for sentencing purposes. Under the required evidence test, where *each* offense requires proof of a fact that the other does not, the two offenses cannot merge. *Brooks v. State,* 284 Md. 416, 423, 397 A.2d 596 (1979); *Loud v. State,* 63 Md.App. 702, 709–10, 493 A.2d 1092 (1985). But where only one offense requires proof of a fact that the other does not, separate sentences should not be imposed. *Newton v. State,* 280 Md. 260, 268, 373 A.2d 262 (1977); *Thomas v. State,* 277 Md. 257, 267, 353 A.2d 240

(1976); *Johnson v. State,* 56 Md.App. 205, 211, 467 A.2d 544 (1983). In *Claggett v. State,* 108 Md.App. 32, 46, 670 A.2d 1002 (1996), we said:

> The required evidence test focuses on the particular elements of each offense; when all of the elements of one offense are included in the other offense, so that only the latter offense includes a distinct element, the former offense is deemed to merge into the latter offense. *State v. Jenkins,* 307 Md. 501, 517, 515 A.2d 465 (1986). Thus, when two offenses are based on the same act or acts, and the two offenses satisfy the required evidence test, "merger follows as a matter of course." *Williams[ v. State,* 323 Md. 312, 318, 593 A.2d 671 (1991) ].

Although the rule is clear, no Maryland case has been found dealing specifically with its application to the offenses of assault and resisting arrest.[1] We have found no precise guidance in Maryland law, and an examination of the law in other jurisdictions has not revealed a consensus as to whether the offenses should merge.[2] In the Maryland Pattern Jury

---

1. Appellant relies on the language of the required evidence test, citing *Eldridge v. State,* 329 Md. 307, 320, 619 A.2d 531 (1993) (in a single incident involving a deadly weapon, sentences for carrying a deadly weapon openly and carrying a concealed deadly weapon merge); *In re Montrail M.,* 325 Md. 527, 532–33, 601 A.2d 1102 (1992) (possession of controlled dangerous substance and possession of controlled dangerous substance with intent to distribute merge in juvenile cases); *Snowden v. State,* 321 Md. 612, 619, 583 A.2d 1056 (1991) (offenses of robbery and assault and battery merge where the assault or battery was a lesser included offense).

 To distinguish the elements of assault from those of resisting arrest, the State cites only *In re Nawrocki,* 15 Md.App. 252, 264 n. 8, 289 A.2d 846 (1972). *Nawrocki* merely notes that "there is a distinction between avoidance and resistance" and that "[j]erking away from an officer is obstructing him but cursing him is not, and. . . . [A]ny force willfully employed to prevent the success of an officer's effort is an obstruction of justice. . . ." *Id.*

2. For example, North Carolina merges the offenses of assault and resisting arrest. *See State v. Summrell,* 282 N.C. 157, 192 S.E.2d 569, 578–79 (1972) (merging resisting arrest and assault where the two offenses arose out of the same act), *overruled on other grounds by State v. Barnes,* 324 N.C. 539, 380 S.E.2d 118, 119 (1989); *State v. Midyette,* 270 N.C. 229, 154 S.E.2d 66, 70 (1967) (appellant could not be

Instructions, the elements of assault are included in the elements of resisting arrest. *See* Maryland Pattern Jury Instructions—Criminal 4:27.1 (resisting a warrantless arrest requires proof that (1) a law enforcement officer attempted to arrest the defendant, (2) the defendant knew that a law enforcement officer was attempting to arrest him, (3) the officer had reasonable grounds to believe the defendant committed a crime, and (4) the defendant refused to submit to the arrest and resisted the arrest by force).

Statutory second degree assault encompasses the common law offenses of assault, battery, and assault and battery. Md. Ann.Code art. 27, § 12(b) (1996 Repl.Vol. & 1998 Supp.); *see Claggett*, 108 Md.App. at 49, 670 A.2d 1002 ("Depending on the context, then, the term 'assault' has become a 'synonym' for the term 'battery,' as well as for 'assault and battery.' "); *Lamb v. State*, 93 Md.App. 422, 613 A.2d 402 (1992) (the offense includes not only attempted batteries, but actual batteries).

The definition of assault applicable in this case is the unlawful application of force to the person of another. *Snowden v. State*, 321 Md. 612, 617, 583 A.2d 1056 (1991); *Anderson v. State*, 61 Md.App. 436, 440, 487 A.2d 294 (1985). This type of assault requires proof that the (1) defendant caused a harmful physical contact with the victim, (2) the contact was intentional, and (3) the contact was not legally justified. The offense of resisting arrest also requires proof that the appellant intentionally made physical contact with another and that contact was not legally justified (as it would be if there had been an unlawful arrest) but also requires

---

sentenced for both assault and resisting arrest for single act of shooting an officer), *overruled on other grounds by State v. Gardner*, 315 N.C. 444, 340 S.E.2d 701, 708 (1986). New Jersey, on the other hand, refuses to merge the two offenses. *See State v. Davis*, 281 N.J.Super. 410, 658 A.2d 303, 306 (1995) (where appellant struck an officer as he was attempting to arrest him, "[t]he convictions for aggravated assault upon a police officer and resisting arrest do not merge"); *State v. Battle*, 256 N.J.Super. 268, 606 A.2d 1119, 1126–27 (1992) (aggravated assault not merged into resisting arrest).

proof that the force be used to resist a lawful arrest. *Preston v. Warden of Maryland House of Correction*, 225 Md. 628, 629, 169 A.2d 407 (1961), *aff'd*, 325 Md. 602, 602 A.2d 701 (1992); *Barnhard v. State*, 86 Md.App. 518, 525, 587 A.2d 561 (1991). Thus, because all of the elements of assault are included in resisting arrest, the two offenses satisfy the required evidence test. And, in this case, the same act serves as the basis for appellant's convictions for assault and resisting arrest. In *Claggett*, we noted that "when there is but a singular striking of one victim, and all the elements of the offense of battery coincide with some of the elements of the assault with intent to avoid lawful apprehension offense, the required evidence test has been satisfied." 108 Md.App. at 50, 670 A.2d 1002. Similarly, in *Adams v. State*, 86 Md.App. 377, 586 A.2d 810 (1991), we held that convictions for assault and battery merged into a conviction for robbery where the only force applied to the victim was that essential to commit the robbery. *Id.* at 386, 586 A.2d 810. As in *Claggett* and *Adams*, the only force applied to Officers Haltzman and Kayser was that utilized by appellant to resist arrest. Therefore, the two offenses are based on the same acts. Accordingly, we hold that appellant's convictions for second degree assault merge into his conviction for resisting arrest.

### B. Issue II—Insufficient Evidence as to Conspiracy to Distribute Cocaine

When there is an issue as to the sufficiency of the State's evidence, we must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Burch v. State*, 346 Md. 253, 272, 696 A.2d 443, *cert. denied*, 522 U.S. 1001, 118 S.Ct. 571, 139 L.Ed.2d 410 (1997); *State v. Albrecht*, 336 Md. 475, 478, 649 A.2d 336 (1994). If, considering that evidence, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt, the appellant's conviction must be upheld. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *State v. Raines*, 326 Md. 582, 588–89, 606 A.2d 265 (1992); *Webber v. State*, 320 Md. 238, 248, 577 A.2d 58 (1990).

■ Appellant contends that the State failed to prove that his state of mind was that required for the crime of conspiracy. This argument, however, was not raised below and is therefore not preserved for our review. *See Graham v. State*, 325 Md. 398, 416, 601 A.2d 131 (1992) (failure to argue ground asserted on appeal when motion for judgment of acquittal was made waives issue); *Anthony v. State*, 117 Md.App. 119, 126, 699 A.2d 505, *cert. denied*, 348 Md. 205, 703 A.2d 147 (1997) ("The issue of sufficiency of the evidence is not preserved when appellant's motion for judgment of acquittal is on a ground different than that set forth on appeal.").

■ But even if the issue had been properly preserved, appellant would not prevail. The elements of a criminal conspiracy are (1) the combination of two or more persons, (2) to accomplish some unlawful purpose. Although the essence of a criminal conspiracy is an unlawful agreement, the State is not required to offer proof of any formal arrangement; rather, a conspiracy can be inferred from the actions of the accused. *Townes v. State*, 314 Md. 71, 75, 548 A.2d 832 (1988). The agreement need not be formal or spoken, provided there is a meeting of the minds reflecting a unity of purpose and design. *See id.; Silbert v. State*, 12 Md.App. 516, 528, 280 A.2d 55 (1971).

■ In the instant case, the State presented evidence of the interactions between appellant and Walker that would allow the jury to infer that the men tacitly agreed to commit an unlawful act. *Silbert*, 12 Md.App. at 528, 280 A.2d 55. As previously mentioned, the State's evidence showed: (1) Walker took Newlin's order for $100 worth of drugs; (2) Walker shortly thereafter handed something to appellant; (3) appellant then handed several pieces of cocaine to Newlin; (4) Newlin gave appellant $100 in marked currency, and (5) shortly thereafter the marked money was found in Walker's possession. Besides this circumstantial evidence, the jury had direct evidence of appellant's admission that the drugs belonged to Walker, that appellant sold them on behalf of Walker, and that Walker had the $100.

## C. Issue III—Sufficiency of Evidence Concerning Assault and Resisting Arrest

Appellant argues

that the police did not have probable cause to arrest him because the description that the informant Newlin gave to the police of the individual who had handed him CDS on Murph Avenue did not match the clothing that the [a]ppellant was wearing when he was arrested. When asked to describe what the [a]ppellant had been wearing that evening, Newlin testified that he was wearing black trousers with white thread and an "ordinary white tee-shirt." However when confronted with the clothing that the [a]ppellant had actually been wearing, Newlin admitted that the trousers were blue, not black, and that the shirt was not a plain white tee-shirt but instead had a Penn State logo on it. Because Agent Ditlow testified that he had radioed to the stop team the description that Newlin had given him, and that description did not match what the [a]ppellant was actually wearing that evening, there was insufficient probable cause for the arrest. Consequently the convictions for assault and resisting arrest must be reversed also.

(References to record deleted.)

 To arrest a suspect for a felony committed out of his or her presence, an officer must have probable cause to believe that the individual arrested committed the felony.[3] *See* Md. Ann.Code art. 27, § 594B(c) (1996 Repl.Vol. & 1998 Supp.); *Williams v. State,* 14 Md.App. 619, 626, 287 A.2d 803 (1972). In the absence of probable cause, a person arrested illegally may use any reasonable means to effectuate his escape, even to the extent of using such force as is reasonably necessary. *State v. Wiegmann,* 350 Md. 585, 601–15, 714 A.2d 841 (1998); *Rodgers v. State,* 280 Md. 406, 410, 373 A.2d 944 (1977); *State v. Blackman,* 94 Md.App. 284, 306–08, 617 A.2d 619 (1992); *Barnhard v. State,* 86 Md.App. 518, 525, 527, 587

---

3. If the arrest is made based on a facially deficient warrant, however, the arrestee has no right to resist an illegal arrest. *State v. Wiegmann,* 350 Md. 585, 602, 714 A.2d 841 (1998).

A.2d 561 (1991), *aff'd.* 325 Md. 602, 602 A.2d 701 (1992). In this case, because the arresting officer did not witness the purchase of cocaine by Newlin, the only facts supporting the arresting officer's belief that appellant had sold cocaine to the State's agent were Newlin's description, appellant's presence in the vicinity of the crime, and the extremely short elapsed time between the moment the crime occurred and when appellant was arrested. We believe that knowledge of these three facts was sufficient, at the time of arrest, to cause a reasonable person in Officer Kayser's position to believe that appellant participated in the sale of cocaine (a felony).

 Probable cause can be based on a description of the suspect, depending on the detail provided and the circumstances surrounding the arrest. *See Moore v. State,* 71 Md. App. 317, 326–38, 525 A.2d 653 (1987) (rejecting the appellant's argument that a physical description was insufficient to support his arrest). In addition, "the location of apprehension [is] a factor establishing probable cause to arrest." *Id.* at 326, 525 A.2d 653. In *Moore,* we found that a "slight discrepancy with respect to the trouser[']s color" did not keep an arresting officer from making a reasonable arrest based on a physical description when the surrounding circumstances, including a close proximity to the crime scene, supported the arrest. *Id.* at 333, 525 A.2d 653 (noting that the color of the appellant's pants was only one factor in his arrest, and asserting that "merely because there is a difference in perception does not mean the difference is fatal").

Although appellant focuses only on the description of his own clothing, this was not the only information upon which the arresting officers relied. Officer Kayser was notified of the drug sale less than thirty seconds after it occurred. He needed to pedal his bicycle only fifty yards to the place where appellant was stopped. Once he was advised by radio where the two suspects were, it took "a matter of seconds, no more than five seconds" to ride from his hiding place to where appellant and Walker were located—according to Officer Kayser's testimony. Officer Kayser also testified that he "saw the

two defendants as Agent Ditlow described [them] in his radio transmission ... walkin' on Murph Avenue approaching Jonathan." According to Officer Kayser's testimony, he saw appellant and Walker, one wearing black jeans and a white tee-shirt and the other wearing purple sweat pants and a white tee-shirt, walking together in the immediate vicinity of the crime. These circumstances were more than adequate to give the arresting officers reasonable grounds to believe that appellant participated in the drug sale. Not only is the difference between Newlin's description and appellant's clothing slight (dark blue as opposed to black pants, plain white tee-shirt, versus a white tee-shirt with a Penn State logo), the significance of the deviation is overshadowed by appellant's proximity to the crime scene, the fact that only approximately thirty-five seconds elapsed between the drug sale and the moment appellant was accosted by Officer Kayser, and the fact that appellant was accompanied by a person whose clothing perfectly matched the description given by the informant. We therefore hold that Officers Haltzman and Kayser had probable cause to arrest appellant, and accordingly, appellant had no right to resist the arrest.

### D. Issue IV—The Rule of Lenity—Merger of Convictions for Conspiracy to Distribute Cocaine and Distribution of Cocaine

 Appellant also contends that, under the rule of lenity, the offenses of conspiracy to distribute cocaine and distribution of cocaine should be merged. The rule of lenity (or merger by legislative intent) is sometimes employed as an alternative to the required evidence test to determine whether two offenses arising from the same incident should be treated as one for merger purposes. *Brooks v. State,* 284 Md. 416, 423–24, 397 A.2d 596 (1979); *Wooten–Bey v. State,* 76 Md.App. 603, 628, 547 A.2d 1086 (1988), *aff'd on other grounds,* 318 Md. 301, 568 A.2d 16 (1990). The rule is sometimes applied to merge two offenses even though the crimes are distinct under the required evidence rule. *Brooks,* 284 Md. at 423, 397 A.2d 596; *Wooten–Bey,* 76 Md.App. at 628, 547 A.2d 1086; *Walker*

*v. State,* 53 Md.App. 171, 201, 452 A.2d 1234 (1982). When it is applied, the rule of lenity requires that if there is any doubt as to whether the legislature intended two separate sentences for two offenses arising out of the same act, the defendant is entitled to the benefit of the doubt and the less harsh meaning should be adopted. *Wooten–Bey,* 76 Md.App. at 629, 547 A.2d 1086; *Walker,* 53 Md.App. at 201, 452 A.2d 1234.

The Court of Appeals has found article 27, section 38 of the Maryland Annotated Code, unambiguously to impose a maximum penalty for conspiracy equivalent to the maximum penalty for the substantive crime that was the object of the conspiracy. *Gary v. State,* 341 Md. 513, 517, 671 A.2d 495 (1996). The Court has also held that a conspiracy to commit a crime and the substantive crime that was committed are separate and distinct offenses. *Townes v. State,* 314 Md. 71, 75, 548 A.2d 832 (1988); *see also Jones v. State,* 8 Md.App. 370, 380, 259 A.2d 807 (1969). Although this Court did not address the rule of lenity in *Harris v. State,* 82 Md.App. 450, 572 A.2d 573 (1990) (basing the decision on double jeopardy principles), we did explicitly say in *Jones* that distribution of cocaine and conspiracy to distribute cocaine are separate offenses and not subject to merger.

The case of *Wooten–Bey,* 76 Md.App. at 628–29, 547 A.2d 1086, is instructive. There we considered whether the rule of lenity required the crimes of attempted robbery with a dangerous or deadly weapon and conspiracy to commit robbery to merge. We held that conspiracy to rob did not merge with attempted robbery with a deadly weapon.

In *Wooten–Bey,* the defendant received a ten-year sentence for conspiracy to commit robbery; the defendant was also convicted of attempted robbery with a deadly weapon. *See id.* at 628, 547 A.2d 1086. The robbery with a deadly weapon charge was the predicate felony for the defendant's felony murder conviction, and the court merged the attempted robbery with the felony murder conviction and imposed a life sentence for the felony murder. *See id.,* n. 10. The appellant contended in *Wooten–Bey* that under the rule of lenity, only a

single conviction for attempted robbery with a deadly weapon was permissible and, on that ground, asked us to merge the conspiracy conviction with the attempted robbery with a deadly weapon conviction. *See id.* We declined to apply the rule of lenity, saying:

> In the instant case, the relevant legislative intent is expressed in Md.Code. Ann. Art. 27, §§ 38 & 488 (1957, 1987 Repl.Vol.). Section 38 provides that punishment for a person convicted of conspiracy shall not exceed the punishment of the crime he or she conspired to commit. The gist of the common law crime of conspiracy is the unlawful combination to commit a criminal act—no overt act is required. *Quaglione v. State,* 15 Md.App. 571, 583–84, 292 A.2d 785 (1972).

> Section 488 provides that a person convicted of an attempt to rob with a dangerous or deadly weapon shall be sentenced to not more than 20 years. Robbery with a deadly weapon is not a new substantive crime but is the offense of common law robbery aggravated by use of a weapon. The proscribed behavior under § 488 consists of intimidation produced by use of a weapon, coupled with the apparent ability to execute the implied threat if the victim resists. *Jackson v. State,* 231 Md. 591, 594, 191 A.2d 432 (1963).

> We thus have two separate criminal acts for which the Legislature has provided distinct punishments. Appellant presents us with no case law or legislative history suggesting that the Legislature did not intend to punish both of these criminal acts, nor can it be seriously argued that an ambiguity exists when the statutes are applied in tandem. *It makes sense that, because the two crimes and penalties address different criminal behavior, separate sentences be imposed. In the instant case, appellant received the first 10–year sentence for planning the robbery. The second sentence imposed for the attempt was for the steps appellant took toward consummating that plan. We therefore hold*

*that the rule of lenity will not apply and affirm the two sentences.*

*Id.* at 629–30, 547 A.2d 1086 (emphasis added).

Here, as in *Wooten–Bey,* we have two separate criminal acts for which the legislature has provided distinct punishments. When appellant was convicted and sentenced for distribution of cocaine, he was punished for the act of selling the contraband; when he was convicted of conspiracy, he was convicted of planning with Walker to sell drugs. As in *Wooten–Bey,* appellant presents us with no case law or legislative history that would indicate that the General Assembly did not intend to punish each of these acts separately. Accordingly, we hold that the two charges do not merge under the rule of lenity.

### E. Issue V—Ineffective Assistance of Counsel

 Finally, appellant argues that, because his counsel failed to object when Newlin was allowed to testify without being sworn in as a witness, his convictions must be reversed for ineffective assistance of counsel. This argument fails for two reasons. First, as appellant acknowledges in his brief, the trial transcript filed with this Court clearly shows that Newlin *was* "duly sworn" prior to his giving testimony. We are required to decide cases based on what is in the record—not on a party's unverified assertion as to what happened below. Thus, there is no merit to the ineffective assistance argument. Second, even if there might conceivably be merit in the argument, it is well established· that claims of ineffective assistance of counsel ordinarily should be addressed on post conviction. *Perry v. State,* 344 Md. 204, 227, 686 A.2d 274 (1996) ("This Court ordinarily has required claims of ineffective assistance of counsel to be developed on post conviction. . . ."); *Walker v. State,* 338 Md. 253, 262, 658 A.2d 239 (1995) (refusing to reach appellant's claim of ineffective assistance of counsel because "the desirable procedure for determining [such] claims . . . is by way of the Post Conviction Procedure Act.") (quoting *Stewart v. State,* 319 Md. 81, 92, 570 A.2d 1229 (1990)); *see also Harris v. State,* 295 Md. 329, 338,

455 A.2d 979 (1983). In this case there is no reason to deviate from the usual rule.

SENTENCES FOR ASSAULT VACATED; JUDGMENTS OTHERWISE AFFIRMED; COSTS TO BE PAID SEVENTY–FIVE PERCENT BY APPELLANT AND TWENTY–FIVE PERCENT BY WASHINGTON COUNTY.