<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-1937**

───────────

JAMES N. HUTCHERSON, JR.; SHARON T. HUTCHERSON

        Plaintiffs – Appellants,

    v.

CHAE Y. LIM, individually and in his professional/employment
capacity,

        Defendant – Appellee,

    and

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

        Defendant.

───────────

Appeal from the United Sates District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:08-
cv-03044-RWT)

───────────

Submitted: June 28, 2011        Decided: August 30, 2011

───────────

Before KING, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

───────────

Anitha W. Johnson, ODELUGO & JOHNSON, Hyattsville, Maryland, for
Appellants. Gerard J. Stief, Senior Associate General Counsel,

Carol B. O'Keeffe, General Counsel, WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James N. Hutcherson, Jr., and Sharon T. Hutcherson appeal the district court's orders granting summary judgment in favor of Officer Chae Lim on their state law tort claims and denying reconsideration. On appeal, the Hutchersons argue that the district court should have declined to exercise supplemental jurisdiction over their state law claims and that the court erred in granting summary judgment in favor of Officer Lim on their false imprisonment, assault, and loss of consortium claims.[*] We affirm the district court's judgment in part, vacate in part, and remand for further proceedings.

The Hutchersons first contend that the district court erred in exercising supplemental jurisdiction over their state law tort claims. Once the district court dismissed the Washington Metropolitan Area Transit Authority ("WMATA") and the claims over which it had original jurisdiction, the court had "wide latitude in determining whether or not to retain jurisdiction over [the] state claims." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see 28 U.S.C. § 1367(a), (c)(3)

---

[*] The Hutchersons do not challenge on appeal the district court's grant of summary judgment for Officer Lim on the negligence and intentional infliction of emotional distress claims. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that issue not raised in opening brief is deemed abandoned).

3

(2006). In exercising its discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Additionally, "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account. . . ." Cohill, 484 U.S. at 357. Upon review, we conclude that the district court did not abuse its discretion in retaining supplemental jurisdiction over the Hutchersons' state law claims.

The Hutchersons also contend that the district court erred in granting summary judgment for Officer Lim on the false imprisonment, assault, and loss of consortium claims. We review a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving

4

party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297.

In Maryland, "[t]he elements of . . . false imprisonment . . . are: 1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification." Heron v. Strader, 761 A.2d 56, 59 (Md. 2000). Maryland courts read "legal justification . . . as equivalent to legal authority." Great Atl. & Pac. Tea Co. v. Paul, 261 A.2d 731, 738 (Md. 1970). "Whatever technical distinction there may be between an 'arrest' and a 'detention' the test whether legal justification existed in a particular case has been judged by the principles applicable to the law of arrest." Id. Our review of the record leads us to conclude that the district court properly granted summary judgment in Officer Lim's favor and denied reconsideration on this issue.

Turning to the assault claim, the Maryland Tort Claims Act ("MTCA"), on which the district court based its grant of immunity, is inapplicable to this case. The MCTA provides immunity from tort liability for "[s]tate personnel" who act "within the scope of [their] public duties . . . without malice or gross negligence." Md. Code Ann., Cts. & Jud. Proc. § 5-522(b) (LexisNexis 2009); see Md. Code Ann., State Gov't § 12-105 (LexisNexis 2009). WMATA police officers are not, however,

5

considered "[s]tate personnel," Md. Code Ann., State Gov't § 12-101 (LexisNexis 2009), and are therefore not eligible for immunity under the MTCA. See Houghton v. Forrest, 989 A.2d 223, 230 (Md. 2010) (finding that city police officer was not included in the MTCA's list of "state personnel" and so could not claim immunity under the MTCA). Thus, the district court improperly based its grant of summary judgment for Officer Lim on the assault claim on MTCA immunity.

Moreover, we conclude that there is a genuine dispute of material fact as to whether Officer Lim's actions were legally justified. See Cooper v. State, 737 A.2d 613, 617 (Md. 1999) (stating that required elements of an assault claim are "that the (1) defendant caused a harmful physical contact with the victim, (2) the contact was intentional, and (3) the contact was not legally justified"). We therefore vacate the district court's grant of summary judgment and denial of reconsideration on the Hutchersons' assault claim. Further, because a loss of consortium claim is premised on the viability of other claims, Oaks v. Connors, 660 A.2d 423, 430 (Md. 1995), we also vacate the district court's grant of summary judgment and denial of reconsideration on that issue.

Accordingly, we affirm the district court's grant of summary judgment and denial of reconsideration in part, vacate in part, and remand for further proceedings consistent with this

6

opinion.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART, AND REMANDED</u>