William D. FOY, Plaintiff–Appellant,

v.

GIANT FOOD INCORPORATED; Ralph Dodd; David Larsen; Stephen Neal, Vice President, Giant Food, Incorporated; Theodore R. Garrett, Jr., Fair Employment Administrator, Giant Food, Incorporated, Defendants–Appellees.

No. 01–1448.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 2002.

Decided July 25, 2002.

**ARGUED:** Marc D. Loud, Loud & Loud, Washington, D.C., for Plaintiff–Appellant. Connie Nora Bertram, Venable, Baetjer, Howard & Civiletti, L.L.P., Washington, D.C., for Defendants–Appellees.

Before KING and GREGORY, Circuit Judges, and BEEZER, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Affirmed by published opinion. Senior Judge BEEZER wrote the opinion, in which Judge KING and Judge GREGORY joined.

## OPINION

BEEZER, Senior Circuit Judge.

William D. Foy ("Foy") appeals the district court's dismissal of his claims of intentional infliction of emotional distress and malicious prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Foy's complaint was dismissed at the pleading stage. We state the facts as alleged by the complaint.

Foy worked for Giant Food Inc. ("Giant") at its dairy plant in Landover, Maryland. He was a member of Milk Drivers and Dairy Employees Local Union No. 246. The union and Giant have entered into a collective bargaining agreement governing the terms of Foy's employment.

Foy was involved in a workplace altercation with a co-employee named Ralph Dodd ("Dodd"). Dodd spat in Foy's face during the altercation. Foy responded by grabbing and pushing Dodd away to defend himself. Dodd made an assault complaint against Foy. Giant terminated Foy for his actions in the altercation but took no action against Dodd. The assault complaint against Foy was later dismissed. Giant refused to initiate a new investigation into the altercation and refused to reinstate Foy to his former position despite learning that the assault complaint had been dismissed.

Foy filed suit in Maryland state court against Giant, three of its managers and Dodd. He alleged wrongful termination, breach of the collective bargaining agreement, malicious prosecution, intentional infliction of emotional distress and employment discrimination. The defendants removed the action to federal court and moved to dismiss the complaint. Foy voluntarily dismissed the claim of breach of the collective bargaining agreement but opposed defendants' motion as to all other claims.

The district court held that the complaint fails to state a claim and that, in any

event, all of the claims are preempted by § 301 of the Labor Management Relations Act ("the Act"), 29 U.S.C. § 185(a). Applying a six-month statute of limitations, the district court held that Foy was time-barred from refiling his claims under the Act. The district court dismissed the complaint with prejudice.

■ Foy timely appealed. He challenges the dismissal of the claims of intentional infliction of emotional distress and malicious prosecution.[1] We review de novo the district court's dismissal for failure to state a claim and legal determination that the claims are preempted. *See Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996) (reviewing de novo grant of motion to dismiss); *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir.1991) (reviewing de novo district court's determinations of law).

## I

Foy alleges that Giant committed an intentional infliction of emotional distress by reason of terminating him for defending himself in the altercation and then refusing to reinitiate an investigation and affirming the termination after learning that the assault complaint made by Dodd had been dismissed.[2] The district court dismissed this claim for failure to state a claim and on preemption grounds. We agree that the claim is preempted.

## A.

■ Section 301 of the Labor Management Relations Act establishes federal subject matter jurisdiction over employment disputes covered by a collective bargaining agreement and directs federal courts to fashion a uniform body of federal common law applicable to such disputes. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The "preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (internal quotation marks omitted).

■ A state law claim is preempted when resolution of the claim "requires the interpretation of a collective-bargaining agreement," *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), or is "inextricably intertwined with consideration of the terms of the labor contract." *Lueck,* 471 U.S. at 213, 105 S.Ct. 1904; *see also IBEW, AFL–CIO v. Hechler,* 481 U.S. 851, 863 n. 5, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) (noting that a state law claim is preempted when "[t]he nature and scope of the duty of care owed Plaintiff is determined by reference to the collective bargaining agreement"). "[T]he bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]." *Livadas v. Bradshaw,* 512 U.S. 107, 124, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994).

---

1. Foy's opening brief challenged the dismissal of the wrongful discharge claims in addition to the claims for intentional infliction of emotional distress and malicious prosecution. At oral argument Foy abandoned his challenge to the dismissal of the wrongful discharge claims.

2. Foy asserted at oral argument that the complaint also includes a separate intentional infliction of emotional distress claim against Dodd for spitting in Foy's face. We cannot discern such a claim in the complaint. Its allegations for intentional infliction of emotional distress make no mention of Dodd or the spitting incident.

## B.

■■ A claim of intentional infliction of emotional distress requires proof that the defendant engaged in conduct that is extreme and outrageous. *See Tavakoli–Nouri v. State*, 139 Md.App. 716, 779 A.2d 992, 999 (Md.Ct.Spec.App.2001). Foy alleges that Giant engaged in extreme and outrageous conduct when it terminated him for defending himself and later refused to reinstate him after learning that the assault complaint had been dismissed.

■■ Foy essentially alleges that the termination and Giant's actions underlying the termination are wrongful and unauthorized. Giant's conduct could not otherwise be extreme and outrageous conduct. "[W]hether an actor's behavior is 'outrageous and intolerable,' and therefore punishable as intentional infliction of emotional distress, requires an inquiry into whether the actor was legally entitled to act as he or she did." *McCormick v. AT & T Techs., Inc.*, 934 F.2d 531, 537 (4th Cir.1991); *see also Childers v. Chesapeake & Potomac Telephone Co.*, 881 F.2d 1259, 1267 (4th Cir.1989) (holding employer did not commit extreme and outrageous conduct when its actions in disciplining employee were authorized). Whether an employer's actions in dealing with and terminating an employee are wrongful is determined not in the abstract but necessarily by reference to the collective bargaining agreement which governs the employment relationship. We stressed this point in *McCormick*, where a former employee alleged that AT & T, his employer, committed intentional infliction of emotional distress by disposing of the employee's personal belongings after terminating him. *McCormick*, 934 F.2d at 533. We observed that, to demonstrate extreme and outrageous conduct, the employee must "demonstrate not that [AT & T's] conduct was wrongful in some abstract sense, but wrongful under the circumstances." *Id.* at 535–36. "The circumstances that must be considered in examining management's conduct are not merely factual, but contractual, and the collective bargaining agreement is a crucial component of these circumstances." *Id.* at 536; *see also Douglas v. Am. Info. Techs. Corp.*, 877 F.2d 565, 572 (7th Cir. 1989) (holding that employer's actions in terminating an employee did not constitute extreme and outrageous conduct because collective bargaining agreement authorized employer's actions).

As in *McCormick*, whether Giant's actions are wrongful can be determined only by interpreting the collective bargaining agreement. Article IV of the collective bargaining agreement authorizes Giant to terminate an employee for cause subject to certain guidelines and procedures. Article XII establishes that Giant has a right to manage and control its work force. These articles determine whether Giant was authorized to terminate Foy and not Dodd for their respective actions in the altercation. They also determine whether Giant properly refused to reinstate Foy after learning that the assault complaint had been dismissed. Foy's claim of intentional infliction of emotional distress requires interpreting the collective bargaining agreement.[3]

---

**3.** Contrary to Foy's contention, this case is not analogous to *Owen v. Carpenters' Dist. Council*, 161 F.3d 767 (4th Cir.1998). *Owen* involved a claim of wrongful discharge in violation of public policy brought by an employee after she was fired for rejecting and complaining of her supervisor's sexual advances. Owen was required to show that her discharge was motivated by sex discrimination. *Id.* at 775. Resolution of the claim involved purely factual determinations, not an interpretation of the collective bargaining agreement. *Id.* Owen's claim was not preempted even though it may have involved

Our conclusion comports with that of other courts faced with similar state law claims. In *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 634 (5th Cir. 1994), a former employee sued Southwestern Bell for intentional infliction of emotional distress based on Southwestern Bell's conduct leading up to and including termination. The Fifth Circuit reasoned that, "[i]n order to determine whether Southwestern Bell acted wrongfully in the way it ... effectuated [the plaintiff's] termination, an analysis of Southwestern Bell's obligations under the collective bargaining agreement is necessary." *Id.* at 636; *see also Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1255 (5th Cir.1990) (holding preempted claim that employer's actions in discharging employee amounted to intentional infliction of emotional distress because claim required evaluating propriety of employer's conduct under collective bargaining agreement to determine if the conduct was extreme and outrageous); *Miller v. AT & T Network Sys.*, 850 F.2d 543, 550–51 (9th Cir.1988) (same).

The district court properly held that Foy's claim of intentional infliction of emotional distress is preempted.

## II

Foy maintains that both Dodd and Giant are liable for malicious prosecution. Foy alleges that Dodd is liable for malicious prosecution by making a false complaint of assault and that Giant is liable by reason of adopting and ratifying the complaint. The district court dismissed the claim against Dodd for failure to state a claim. The court dismissed the claim against Giant for failure to state a claim and on preemption grounds. We agree with the district court.

### A.

■■ Under Maryland law a claim of malicious prosecution requires proof that the defendant instituted or continued a criminal prosecution against the plaintiff without probable cause and with malice. *Montgomery Ward v. Wilson*, 339 Md. 701, 664 A.2d 916, 922 (Md.1995). To prevail on his claim against Dodd, Foy must prove that Dodd did not have knowledge of sufficient facts to support probable cause for an assault complaint and that he made the complaint with malice. Proof of Dodd's subjective knowledge and motive does not involve interpreting the collective bargaining agreement. The claim against Dodd is not preempted.[4]

■ Foy's claim against Dodd nevertheless fails because the allegations do not show that Dodd lacked probable cause to file an assault complaint. Dodd made a complaint of second degree assault against

determining whether her employer had just cause for the discharge. *Id.* "[T]he fact that the just cause provision of the [collective bargaining agreement] may be referred to or consulted during the course of the resolution of Owen's wrongful discharge claim does not militate in favor of finding § 301 preemption." *Id.* By contrast, proof of extreme and outrageous conduct in this case *requires* evaluating whether Giant's actions are authorized under the collective bargaining agreement.

4. Whether the claim against Dodd is preempted does not turn on the fact that Dodd is not a signatory to the collective bargaining agreement. *See Int'l Union, UMWA v. Covenant Coal Corp.*, 977 F.2d 895, 899 (4th Cir.1992); *Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 283–84 (5th Cir.1994) ("In cases involving claims against fellow employees where the question of section 301 preemption has arisen, courts have governed their determinations on the preemption by the necessity of referring to a [collective bargaining agreement] for resolution of the claim rather than by the individual status of the defendant.").

Foy for grabbing and pushing him during their altercation. Second degree assault involves an intentional, harmful physical contact with the victim that is not legally justified. *Cooper v. State,* 128 Md.App. 257, 737 A.2d 613, 617 (Md.Ct. Spec.App.1999). Foy does not deny that he committed an intentional, harmful physical contact. He argues that he was legally justified to commit the contact.

[12] Foy alleges that he grabbed and pushed Dodd to defend against being a victim of Dodd's expectoration. Self defense is a recognized legal justification for a physical contact that would otherwise be an assault. *Richardson v. McGriff,* 361 Md. 437, 762 A.2d 48, 56 (Md.2000). But self defense is available only if the defendant used no more force than reasonably necessary in the circumstances. *Balt. Transit Co. v. Faulkner,* 179 Md. 598, 20 A.2d 485, 487 (Md.1941) ("One who seeks to justify an assault on the ground that he acted in self-defense must show that he used no more force than the exigency reasonably demanded.").

It is at least arguable that Foy's actions do not qualify as self defense. Foy and Dodd were not engaged in a fist fight or any sort of violent physical confrontation. Foy alleges that he grabbed and pushed Dodd only to prevent Dodd from further spitting on his face, not to prevent some physical threat. A less invasive but equally effective response would be to walk away. It is reasonable to conclude that Foy was not legally justified to grab and push Dodd in these circumstances. Dodd had probable cause to make an assault complaint against Foy. *See One Thousand Fleet Ltd. P'ship v. Guerriero,* 346 Md. 29, 694 A.2d 952, 956 (Md.1997) (holding that probable cause means "a reasonable ground for belief in the existence of such state of facts as would warrant institution of the suit or proceedings complained of").

Dodd did not lack probable cause to make an assault complaint against Foy. Foy fails to state a claim of malicious prosecution against Dodd.

**B.**

■ Giant did not initiate the assault complaint against Foy. Foy maintains, however, that Giant is liable for malicious prosecution because it adopted and ratified Dodd's assault complaint by reason of relying on the complaint both in originally terminating Foy and in reaffirming the termination.

■ Giant can be liable for malicious prosecution if it voluntarily aided or participated in the prosecution of the assault complaint, and did so with malice and a lack of probable cause. *Nance v. Gall,* 187 Md. 656, 50 A.2d 120, 125 (Md.1947). Foy's allegations do not show though that Giant voluntarily aided or participated in the prosecution of the assault complaint. Foy alleges only that Giant used the complaint as grounds for his termination. He does not allege that Giant or any of its agents encouraged or aided Dodd in making the complaint, provided assistance in any ensuing investigation or participated in judicial proceedings. *Cf. id.* at 124–25 (finding liability for malicious prosecution where defendant provided police with facts leading to arrest and testified at judicial hearing).

■ Assuming that Giant did aid or participate in the prosecution, the malicious prosecution claim against Giant would be preempted. Proof that Giant acted with malice would require interpreting the collective bargaining agreement. Malice in this context means "actuated by an improper motive." *Guerriero,* 694 A.2d at 956. Giant could not act with an improper motive if it was authorized to terminate Foy as a result of the assault com-

plaint. Ascertaining whether Giant was so authorized would require interpreting the collective bargaining agreement.

Foy fails to state a claim of malicious prosecution against Giant and, in any event, the claim would be preempted.

### III

Foy contests the district court's dismissal of his claims with prejudice. The district court held that Foy could not refile the claims as an action under the Labor Management Relations Act because the applicable six-month statute of limitations has expired. Foy argues that a three-year statute of limitations would apply to his labor claims.

The Supreme Court holds that a six-month statute of limitations applies to actions under the Act brought by an employee against his employer for breach of a collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 171–72, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The gravamen common to all of Foy's claims is that Giant acted improperly in terminating Foy. In other words, Foy alleges that Giant breached the collective bargaining agreement. The six-month statute of limitations for breach of a collective bargaining agreement applies to Foy's claims. *See Smith v. United Parcel Serv., Inc.,* 776 F.2d 99, 100 (4th Cir.1985) (applying six-month statute of limitations to action under the Act alleging that employer breached collective bargaining agreement in discharging employee).

The district court properly applied a six-month statute of limitations and dismissed Foy's claims with prejudice.

### IV

The district court properly dismissed with prejudice Foy's claims of intentional infliction of emotional distress and malicious prosecution.

*AFFIRMED.*