**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1130

_____

TODD BOWERS,

        Plaintiff – Appellant,

v.

INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS, BLACKSMITHS, FORGERS, AND HELPERS AFL-CIO,

        Defendant – Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at
Martinsburg.  Gina M. Groh, District Judge.  (3:21−cv−00089−GMG)

_____

Submitted:  October 3, 2022                    Decided:  November 10, 2022

_____

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Christian J. Riddell, THE RIDDELL LAW GROUP, Martinsburg, West
Virginia, for Appellant.  Jason R. McClitis, Brandon E. Wood, Jordan L. Glasgow, BLAKE
& UHLIG, P.A., Kansas City, Kansas, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Bowers, a longtime member of the International Brotherhood of Boilermakers (IBB), started his own welding business and entered into a collective-bargaining agreement with the union before the relationship soured. After he sued IBB in West Virginia state court, IBB removed the case based on the Labor Management Relations Act's creation of exclusive federal jurisdiction over cases arising from collective-bargaining agreements. Bowers appeals the district court's dismissal of his case with prejudice and its denial of his motion to remand. For the following reasons, we affirm.

I.

Bowers was a member of an IBB local lodge who founded his own welding business, Elite Mechanical. J.A. 14. He entered into a collective-bargaining agreement with IBB—the Ohio Valley Agreement (OVA)—wherein IBB would provide Bowers with certified boilermakers and Bowers would employ boilermakers exclusively through the OVA and make payments into IBB's pension and retirement programs. *Id.* at 14–15.

At some point in or around 2017, the relationship between Bowers and IBB soured based, in part, on Bowers's hiring of a boilermaker who had been expelled by the union. *Id.* at 15. Bowers also attempted to withdraw from the OVA. *Id.* In early 2020, IBB's pension funds filed a lawsuit against Bowers alleging that he had not properly remitted contributions to the funds for work performed by OVA-covered employees. *Id.* at 168–76. Bowers filed a counterclaim reciting substantially identical claims to those set forth in the instant case. *Id.* at 120–25. The parties jointly dismissed their claims. *Id.* at 210.

2

Bowers filed the complaint at issue in this appeal on February 19, 2021, in West Virginia state court. *Id.* at 14. The complaint alleges that IBB plotted to take reprisals against Bowers for hiring non-union labor, competing with IBB boilermakers for general welding work, and pulling out of the OVA. *Id.* at 15–16. It alleges that IBB tried to harass, intimidate, and put Bowers out of business by "filing meritless lawsuits," demanding compensation and threatening legal action for post-2017 work, "[t]hreatening and harassing" Bowers's employees to "coerce them into leaving [his] employ," and "[f]alsely reporting" him to "relevant oversight organizations." *Id.* at 16. The complaint includes five counts: (1) "tortious interference of business," (2) abuse of process, (3) intentional infliction of emotional distress, (4) violation of W. Va. Code § 61-2-13(a) [criminal extortion], and (5) violation of W. Va. Code § 61-2-9a [criminal harassment]. *Id.* at 16–18.

IBB removed the case to federal court. *Id.* at 6. It asserted that because Bowers's claims are "directly based on the terms of the collective bargaining agreement or substantially dependent on" analysis of it, the Labor Management Relations Act (LMRA) provides for exclusive federal jurisdiction over the complaint. *Id.* at 8 (citing 29 U.S.C. § 185(a)). IBB also moved to dismiss, arguing that (1) the LMRA preempts Bowers's claims, (2) the claims are time-barred by the LMRA's statute of limitations, (3) Bowers failed to exhaust required contractual remedies, (4) no civil cause of action exists for Bowers's West Virginia statutory claims, and (5) the complaint lacks sufficient factual allegations to state a claim. *Id.* at 138. Bowers moved to remand the case back to state court. *Id.* at 212–21.

3

The district court dismissed the case with prejudice and denied Bowers's motion to remand. *Bowers v. Int'l Bhd. of Boilermakers*, No. 3:21-CV-89, 2022 WL 421145, at *6 (N.D. W. Va. Jan. 20, 2022). It concluded that every asserted basis in IBB's motion to dismiss warranted dismissal. *Id.* at *2. Nothing in the complaint "c[ame] close to alleging a factual basis to support a lawsuit," West Virginia's criminal statutes created no private right of action, and the LMRA preempted the suit because evaluating Bowers's claims would require the court "to consider and interpret the OVA at great length." *Id.* at *2–4. Even if Bowers had properly alleged claims under the LMRA, he had failed to exhaust his contractual remedies, *and* those claims would be time-barred. *Id.* at *5–6.

Bowers raises numerous assignments of error. We conclude that none has merit.

II.

First, Bowers argues that the district court lacked subject-matter jurisdiction because his claims did not sufficiently relate to any collective-bargaining agreement under the LMRA, so his complaint raises no federal question. We review de novo whether the district court had subject-matter jurisdiction. *See Foy v. Giant Food Inc.*, 298 F.3d 284, 287 (4th Cir. 2002). We conclude that the district court had jurisdiction because § 301 of the LMRA preempts Bowers's claims.

Section 301 of the LMRA completely preempts state law, and any claim so preempted "is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Removal of such claims is therefore proper. *See id.*; 28 U.S.C. § 1441(a). The LMRA preempts a state-law claim "when resolution of the claim requires the interpretation of a collective-bargaining

4

agreement or is inextricably intertwined with consideration of the terms of the labor contract." *Foy*, 298 F.3d at 287 (quotation marks and citations omitted).

Bowers's claims are "inextricably intertwined with consideration of the terms of" the OVA. His claim for tortious interference of business depends on whether he was violating the terms of the OVA's exclusive-referral provision and whether IBB was within its rights under the OVA's jobsite-access provision to talk to and try to convince his employees to leave. *See* J.A. 39 (exclusive-referral provision), 55 (jobsite-access provision). Resolution of this claim requires interpretation and application of these provisions. Bowers's abuse-of-process claim depends on whether IBB's funds filed *meritless* lawsuits, and that question is inextricably intertwined with consideration of the OVA's provisions governing employer contributions. *See id.* at 60–67. And Bowers's claim for intentional infliction of emotional distress closely parallels the claim that we held preempted in *Foy*: Such a claim "requires an inquiry into whether [IBB] was legally entitled to act as [it] did," which "can be determined only by interpreting the collective bargaining agreement." 298 F.3d at 288 (quotation marks omitted).

Thus, the Labor Management Relations Act preempted Bowers's claims and established federal jurisdiction over his case.

### III.

Next, Bowers contends that the district court erred in concluding that Counts Four and Five fail to state a claim because the West Virginia criminal statutes do not create a private cause of action. Whether a statute creates a private cause of action is a question of law subject to de novo review. *See Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 363 (4th

5

Cir. 2021). It is clear that the West Virginia criminal-extortion and criminal-harassment statutes, §§ 61-2-13(a) and 61-2-9a, do not create private causes of action.

In West Virginia, whether a private cause of action exists based on a violation of a statute is determined by applying the four-part test set forth in *Hurley v. Allied Chemical Corporation*, 262 S.E.2d 757 (W. Va. 1980). This test considers (1) whether the plaintiff is a member of the statute's intended class of beneficiaries, (2) whether there exists express or implied legislative intent to create a private cause of action, (3) whether a private cause of action is consistent with the statutory scheme, and (4) whether a private cause of action would intrude into exclusively federal areas. *Hurley*, 262 S.E.2d at 763.

Here, §§ 61-2-13(a) and 61-2-9a are criminal statutes "enacted for the protection of the general public;" they do not "expressly identif[y]" a class they intend to benefit. *Id.* at 761 (quotation marks omitted). Moreover, the plain language of these statutes—and other statutes in the same chapter—provides only for criminal penalties; neither the statutory text nor scheme suggests any intent to create a private cause of action. So, these criminal statutes do not create private causes of action. Counts Four and Five failed to state a claim.

IV.

Finally, Bowers argues that we lack appellate jurisdiction because the district court dismissed his suit without giving him an opportunity to amend his complaint and did not certify that the complaint's deficiencies could not be cured by amendment. We disagree.

We have jurisdiction because this is an appeal of a dismissal with prejudice, which is a final decision of the district court. *See* 28 U.S.C. § 1291; *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991). Bowers never properly moved to

6

amend his complaint, so the district court was not required to offer him the opportunity to amend. *See* J.A. 1–5; *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008) (holding that a request for leave to amend made in a response to a motion to dismiss "did not qualify as [a] motion[] for leave to amend" under Fed. R. Civ. P. 7(b), 15(a)). Moreover, amendment would have been futile: Even if Bowers had properly stated claims under the LMRA, those claims would have been time-barred by the applicable six-month statute of limitations and precluded by his failure to exhaust his remedies under the collective-bargaining agreement. *See Smith v. United Parcel Serv., Inc.*, 776 F.2d 99, 100 (4th Cir. 1985) (statute of limitations); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53 (1965) (exhaustion requirement).

## V.

We have reviewed Bowers's other assignments of error and find them to be without merit. For the foregoing reasons, the judgement is affirmed.

*AFFIRMED*