**UNITED STATES of America, Plaintiff,**

v.

**Jeffrey CHAMBERS, et al., Defendants.**

**Crim. No. 80–47.**

United States District Court,
N. D. Ohio, W. D.

Feb. 27, 1981.

James Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

John Callahan, C. Thomas McCarter, Paul Frankel, Sheldon Wittenberg, Toledo, Ohio, for defendants.

### MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon the filing by defendant Wilton of a motion to dismiss Counts I and II of the indictment for lack of jurisdiction. This motion has been joined by all other defendants. The Government has opposed the motion.

### Count II

Count II of the indictment in the present case charges the defendants with attempted malicious destruction of property by means of an explosive in violation of 18 U.S.C. § 844(i), 18 U.S.C. § 2. Section 844(i) provides in pertinent part:

"Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both;..."

18 U.S.C. § 844(i).

Defendants contend that this Court lacks jurisdiction to entertain Count II under § 844(i) because the alleged acts of malicious destruction of property occurred during the course of a legitimate labor dispute. Defendants urge that picketing and related activities are protected by a comprehensive federal statutory scheme, including the National Labor Relations Act which protects the rights of unions and their members who are actively pursuing legitimate labor objectives. Thus, defendants conclude, Count II of the present indictment based on the firebombing of the Plaza Hotel impermissibly intrudes into a federally protected area.

Defendants rely primarily on *United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973), in which the Supreme Court held that the Hobbs Act, 18 U.S.C. § 1951, which makes it a federal crime to obstruct interstate commerce by robbery or extortion, does not reach the use of violence to achieve legitimate union objectives, such as higher wages in return for genuine services that the employer seeks. In pertinent part, the Hobbs Act provides:

"(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a). "Extortion" is defined in the Act as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear..." 18 U.S.C. § 1951(b)(2).

Upon a careful examination of the legislative history of the Hobbs Act, the Court reasoned that the insertion of the word "wrongful" in the definition of extortion excluded those situations where threats or violence were committed in furtherance of *legitimate* labor objections. 410 U.S. at 399–400, 93 S.Ct. at 1009–1010. The Court held that the pursuit of legitimate labor objectives was protected by federal labor law and that, absent clear Congressional intent, the federal criminal statute should not be interpreted "to put the Federal Government in the business of policing the orderly conduct of strikes." 410 U.S. at 411, 93 S.Ct. at 1015. The Supreme Court held that the acts committed by the defendants in *Enmons* were punishable under state law. However, the Court warned that, under the Hobbs Act, union members could not use their protected status to achieve a "wrongful" use of actual or threatened force; for example to exact payments from employers for imposed, unwanted and superfluous services.

Relying on *Enmons*, the defendants contend that the legislative history of § 844(i) shows no congressional intent to regulate the conduct of the defendants in the present case, which was allegedly committed in furtherance of legitimate labor goals. Defendants contend that § 844(i) was an attempt by Congress to combat the effects of racketeering activity and organized crime. Defendants urge that it was not the intent of Congress to regulate the activities of labor unions through this statute. In support of this argument, defendants cite the Court to the recent district court decision in *United States v. Thordarson*, 487 F.Supp. 991 (C.D.Cal.1980).

This Court finds that defendants' motion to dismiss is not well taken for several reasons. First, the present case is clearly distinguishable from the *Enmons* case. In that case, the Court considered the interplay between a particular federal criminal statute, the Hobbs Act, and the federal labor laws. The Court held that the insertion of the word "wrongful" into the definition of the word "extortion" restricted its application in legitimate collective bargaining disputes. The Court noted that a broader definition of "extortion" in the Hobbs Act was not easily restricted; "[i]t would cover all overtly coercive conduct in the course of an economic strike, obstructing, delaying, or affecting commerce." 410 U.S. at 410, 93 S.Ct. at 1015. To the same effect, see *United States v. DeLaurentis*, 491 F.2d 208 (2nd Cir. 1974) (federal criminal statute could not be used to impose criminal penalties for actions already governed by § 7 of the NLRA).

In the present case, there exists no such overlap between a federal criminal statute and the federal labor laws. Section 844(i) prohibits a specific violent act (the malicious destruction of property by means of an explosive). Congress enacted the statute in response to a particular growing problem. The legislative history of § 844(i) reveals that Congress was gravely concerned about the increased incidence of bombings throughout the nation and the absence of any effective state or local controls. It was said:

"Bombings and the threat of bombings have become an ugly, recurrent incident of life in cities and on campuses throughout our Nation. The absence of any effective State or local controls clearly attest to the urgent need to enact strengthened Federal regulation of explosives."

H.R.Rep.No.91–1549, 91st Cong., 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Ad. News 4007, 4013. Section 844(i) is specific, unambiguous and contains no exceptions, implied or express, for acts committed in furtherance of legitimate labor objectives.

The activities proscribed by § 844(i) are not arguably protected or even addressed by the federal labor laws. Thus, the *Enmons* and *DeLaurentis* cases have no application in the present case.

The defendants would have the Court interpret *Enmons* to create an immunity from federal prosecution for union members for any acts, otherwise unlawful, committed in the course of a labor dispute. To state such an argument is to refute it. The end does not justify the means. If a labor dispute makes arson lawful, does it not make murder also lawful, since the former frequently ends in the latter? This Court rejects such an expansive reading of the *Enmons* case. To the extent that the California district court in *Thordarson* differs in its reading of *Enmons*, this Court feels that the case was erroneously decided. The decision of the District Court in another district has value as a precedent only so far as its reasoning gives it value. *Thordarson's* "reasoning" is unpersuasive.

### Count I

Defendants move to dismiss Count I of the indictment on the ground that, in order to successfully prosecute a conspiracy case, the Government must allege two separate statutes, one making the act of conspiring a crime and one making the object of the conspiracy a crime, citing *United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980). On the basis of their arguments regarding the *Enmons* doctrine discussed above, defendants contend that the Government has failed to show how the object of the defendants' alleged conspiracy (Count II of the indictment, 18 U.S.C. § 844(i)) was a crime under federal law.

In light of this Court's disposition of the issues raised by the *Enmons* and *Thordarson* cases, this Court finds that defendants' claim based on the *Meacham* case must also fail. The defendants are charged with crimes under two separate statutes—one making the act of conspiring a crime (18 U.S.C. § 371) and one making the object of the conspiracy a crime (18 U.S.C. §§ 2, 844(i)). Thus, defendants' motion to dismiss the conspiracy count (Count I) is not well taken.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that defendants' motions to dismiss Counts I and II of the indictment for lack of jurisdiction be, and the same hereby are, OVERRULED.

IT IS SO ORDERED.