UNITED STATES of America, Plaintiff-Appellee,

v.

John Wendall DEARMORE, Defendant-Appellant.

No. 81–1480X.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 1, 1982.

Decided March 23, 1982.

As Amended May 5, 1982.

Frederick A. Black, Federal Defender, Portland, Or., for defendant-appellant.

Loren Collins, Law Clerk, Portland, Or., argued, for the U. S.; Kristine Olson Rogers, Asst. U. S. Atty., Portland, Or., on brief.

Before KENNEDY, FARRIS, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge:

John Wendall Dearmore appeals his convictions of conspiracy to attempt bank robbery in violation of 18 U.S.C. §§ 371, 2113(a) (1976) and attempted bank robbery in violation of 18 U.S.C. § 2113(a) (1976). A principal contention on appeal is that the law does not punish a conspiracy to attempt a crime and that Dearmore's conviction on this count should be set aside. Dearmore argues further that both convictions should be overturned because the conduct of law enforcement officers and a government informant violated his due process rights. We reject these contentions. We do conclude, however, that the convictions must be reversed and new trial ordered because of an error in the instructions to the jury on the issue of entrapment.

On or about January, 1981, one Schuster, an informant for the Portland Police Bureau, told detective Cosby that Dearmore and Pat McNeal were planning a robbery in the Portland area. Though Schuster was on parole and probation, he was considered a reliable informant by the Portland police and had aided them in major felony cases in the past.

Detective Cosby commenced surveillance of Dearmore and McNeal and observed them casing a bank. The matter was turned over to federal authorities who, after checking Schuster's information for accuracy, arranged to have Schuster introduce federal agents to Dearmore and McNeal as potential accomplices.

The agents met with Dearmore and McNeal over a period of a week prior to the attempted bank robbery, and Dearmore reported to the agents that he was planning a "bank job" in which he needed their aid. He informed the agents that he had made all the necessary preparations for the robbery except for a getaway car, which he asked the agents to supply. The agents supplied a pickup truck, as well as money Dearmore requested for material to make disguises for himself and McNeal. The agents accompanied Dearmore and McNeal to the bank on the morning the robbery was planned to take place and arrested Dearmore and McNeal as they started to enter the bank.

Count I of the indictment stated that Dearmore and McNeal "did combine, conspire, confederate and agree with each other to commit an offense against the United States, to wit: the felony of attempted bank robbery. . . ." Dearmore contends that an attempt cannot be a proper object of a conspiracy because conspiracy

by definition contemplates a completed criminal action. He argues a person cannot conspire only to attempt an act. We reject this argument. While we think it a poor practice to indict for conspiracy to commit the attempt instead of indicting for conspiracy to commit the substantive offense which is the real objective of the perpetrators, we cannot say that the former cannot constitute an indictable offense.

Conspiracy is made criminal in order to strike against the special dangers incident to group activity. *Pinkerton v. United States*, 328 U.S. 640, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946). Thus, convictions for conspiracy have been upheld even when it was impossible for the conspirators to achieve their objective and even when the objective itself would not be unlawful if committed by an individual. *E.g., United States v. Meyers*, 529 F.2d 1033, 1037 (7th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 253, 50 L.Ed.2d 176 (1976); *Beddow v. United States*, 70 F.2d 674, 676 (8th Cir. 1934); W. LaFave & A. Scott, Handbook On Criminal Law 470–76 (1972); R. Perkins, Criminal Law 625–26 (2d ed. 1969).

■ It is permitted to charge a violation of the general conspiracy statute, 18 U.S.C. § 371 (1976), for a plan to violate a specific statutory prohibition defining an attempt offense against the United States. *E.g., United States v. Mowad*, 641 F.2d 1067, 1074–75 (2d Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 94, 70 L.Ed.2d 86 (1981); *United States v. Chambers*, 515 F.Supp. 1, 3 (N.D.Ohio 1981). Attempts to commit bank robberies are explicitly proscribed by 18 U.S.C. § 2113(a) (1976) and therefore are appropriate objects for conspiracy charges. *United States v. Clay*, 495 F.2d 700, 710 (7th Cir.), *cert. denied*, 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974). We reject Dearmore's contention that attempted bank robbery cannot be the object of a conspiracy charged under 18 U.S.C. § 371 (1976).

■ Dearmore argues that the involvement of the police, federal agents, and Schuster was so outrageous as to require a reversal of his conviction on due process grounds. He objects to, *inter alia*, the government agents' use of Schuster, their informing him of a possible reward for his aid, their financing drinks during meetings, their supplying a getaway vehicle, and their providing of funds for disguises. The government activities in this case were somewhat overzealous but they were not of a character which warrants the reversal of Dearmore's convictions. *See United States v. McQuin*, 612 F.2d 1193 (9th Cir.), *cert. denied*, 445 U.S. 954, 955, 100 S.Ct. 1607, 1608, 63 L.Ed.2d 791 (1980). It is often good police work to prevent crime in the initiation, rather than waiting for it to occur before making an arrest.

The judge below properly defined entrapment for the jury and correctly stated the Government had to prove that Dearmore had not been entrapped. The question is whether the court made it clear as well that the Government was required to prove beyond a reasonable doubt that Dearmore had not been entrapped. Dearmore contends there is error in this regard and, upon reading all of the instructions, we agree with this contention.

■ Once there is sufficient evidence so that entrapment becomes a legitimate issue in the case, the prosecution must prove beyond a reasonable doubt that the defendant had not been entrapped. *Notaro v. United States*, 363 F.2d 169, 174–76 (9th Cir. 1966).[1] The instructions should impart this to the jury with clarity, as the specific instructions we have earlier approved make quite clear. *See United States v. Gonzales-Benitez*, 537 F.2d 1051, 1054–55 & n.3 (9th Cir.), *cert. denied*, 429 U.S. 923, 97 S.Ct. 323, 50 L.Ed.2d 291 (1976).

■ Here the trial court stated that the Government was required to prove beyond a reasonable doubt the essential elements of the crimes, one of which was that the defendant acted knowingly and willfully, but that standard of scienter does not necessarily include a predisposition to commit the

---

1. As defendant's counsel had done in *Notaro*, Dearmore's attorney objected at trial to the instruction used by the district court judge.

offense. The trial court also instructed that the Government "must prove that the defendant was not induced to commit" the act, but it did not inform the jury of the requisite quantum of proof. An entrapment charge must clearly instruct the jury that the Government must prove beyond a reasonable doubt that the defendant was ready and willing to commit the crimes whenever an opportunity was afforded. It is the rule in this circuit that where the substance of this charge is omitted, the instructions are not adequate. *Notaro*, 363 F.2d at 175–76; *see United States v. Wolffs*, 594 F.2d 77, 82–83 (5th Cir. 1979).

REVERSED and REMANDED.