548 A.2d 832

**Lewis J. TOWNES**

v.

**STATE of Maryland.**

**No. 63, Sept. Term, 1986.**

Court of Appeals of Maryland.

Oct. 24, 1988.

72

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

McAULIFFE, Judge.

In 1980, Lewis Townes negotiated a plea agreement. In return for his plea of guilty to the second count of a two-count indictment, the State agreed to enter a *nolle prosequi* as to the first count, as well as to related charges in separate indictments, and to recommend a suspended sentence with probation. A judge of the Circuit Court for Baltimore City accepted the plea and the recommendation, and suspended the execution of a three and one-half year sentence upon condition of a three-year probation. Within 18 months, Townes was thrice haled into court on charges of violation of probation. On each of those occasions the court found a violation, but declined to strike the suspension of sentence. However, a fourth allegation of violation of probation followed and, after finding a violation had been proven, the trial judge struck the suspension and sentenced Townes to serve two years of the original sentence.[1] Unhappy with this turn of events, Townes appealed to the Court of Special Appeals, contending for the first time that his original conviction was invalid because the count to which he had pled guilty did not charge a cognizable crime. We issued a writ of certiorari before consideration of the appeal by the intermediate appellate court.

The facts underlying the charges against Townes are these. Townes learned that the owner of a 1975 Lincoln automobile was in arrears on his payments and wished to

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Maryland Code (1957, 1987 Repl.Vol.) Art. 27, § 642 provides that upon a finding of violation of probation a judge may "sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof...."

have the car "stolen" so that he could collect its fair market value from Government Employees Insurance Company (GEICO) pursuant to his insurance coverage for theft. Townes conspired with the owner and others to carry out this plan, and to thereby defraud GEICO. Additionally, Townes was to profit by dismantling the Lincoln and selling its various parts, with the assistance of the co-conspirators. Pursuant to the plan, the owner left the Lincoln in a designated parking lot from which it was taken by Townes. The owner reported the car stolen and filed a claim with GEICO. Aided by a tip from an informant, the Baltimore City Police Department exposed the scheme and arrested the conspirators before GEICO made payment. Various charges of conspiracy and theft were brought against Townes in four indictments. In the indictment with which we are concerned, the first count charged conspiracy to obtain money from GEICO by false pretenses, and the second count, to which Townes pled guilty, charged conspiracy to *attempt* to obtain money from GEICO by false pretenses.

As a preliminary matter, we note that the issue of whether the second count charged a cognizable crime is properly before us, notwithstanding Townes' failure to raise the issue at the time of his initial sentencing or during the probation revocation proceedings below. A claim that a charging document does not charge an offense may be raised at any time. Maryland Rule 4–252(c). As Chief Judge Murphy recently pointed out for the Court:

> Manifestly, where no cognizable crime is charged, the court lacks fundamental subject matter jurisdiction to render a judgment of conviction, i.e., it is powerless in such circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense.

*Williams v. State,* 302 Md. 787, 792, 490 A.2d 1277 (1985).

Townes argues that people ordinarily do not conspire merely to attempt to commit a crime, and therefore the law does not recognize as a crime a conspiracy to attempt to

commit a criminal offense. In addressing the related question of whether there may be an attempt to attempt a crime, the Supreme Court of Colorado cogently stated the rationale underlying Townes' argument:

> Perhaps philosophers or metaphysicians can intend to attempt to act, but ordinary people intend to act, not to attempt to act. *Allen v. People*, 175 Colo. 113, 485 P.2d 886, 888 (1971).

We had occasion to outline the elements and characteristics of the crime of conspiracy in *Mason v. State*, 302 Md. 434, 444–45, 488 A.2d 955 (1985). A criminal conspiracy consists of the combination of two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. The essence of a criminal conspiracy is an unlawful agreement. The agreement need not be formal or spoken, provided there is a meeting of the minds reflecting a unity of purpose and design. In Maryland, the crime is complete when the unlawful agreement is reached, and no overt act in furtherance of the agreement need be shown.

A conspiracy to commit a crime exists as an offense separate and distinct from the substantive crime that is the object of the conspiracy.

Obtaining money by false pretenses is an offense proscribed by the consolidated theft statute, Md.Code (1957, 1987 Repl.Vol.) Art. 27, §§ 340–43.

An attempt to commit a crime is, in itself, a crime. A person is guilty of an attempt when, with intent to commit a crime, he engages in conduct which constitutes a substantial step toward the commission of that crime whether or not his intention is accomplished. *Cox v. State*, 311 Md. 326, 329–31, 534 A.2d 1333 (1988); *Young v. State*, 303 Md. 298, 311, 493 A.2d 352 (1985). If we mechanically assemble the building blocks of the crime of conspiracy in the context of this case, it would seem that the crime of conspiracy to attempt to commit the crime of obtaining money by false pretenses fits the established mold. Obtain-

ing money by false pretenses is a crime. Attempting to obtain money by false pretenses is a separate, self-standing crime. Accordingly, if a criminal conspiracy consists of an agreement to commit a crime, and an attempt to obtain money by false pretenses is a crime, it follows that the crime of conspiracy to attempt to obtain money by false pretenses fits the legal definition of conspiracy.

Townes' argument is directed not to the question of literal compliance with the mechanical requirements of the offense of conspiracy, but to the logical consequences of assembling the component parts into this particular final product. He says that persons who conspire to commit a crime intend to complete that crime, and not to stop short of completion. Therefore, he argues, it is logically inconsistent to charge one with conspiracy merely to attempt a crime.

 Townes' argument fails to take into consideration an established principle of Maryland law. In this State, unlike a minority of other states, failure to consummate the intended crime is *not* an essential element of an attempt. *Young v. State, supra,* 303 Md. at 302, 493 A.2d 352; *Lightfoot v. State,* 278 Md. 231, 237–38, 360 A.2d 426 (1976). In *Lightfoot,* we quoted with approval from R. Perkins, *Criminal Law,* 554 (2d ed. 1969) that "[t]he attempt is a lower grade or degree of the offense because it is a part of it. It is not something separate and distinct." We also agreed with the rationale of the Supreme Court of Iowa, set forth in *State v. Fox,* 159 N.W.2d 492, 495 (Iowa 1968):

> In a sense the commission of an offense involves an attempt to commit it. It may not be a degree of the main offense, nor be necessarily included therein, so as to require the court to charge with reference thereto in every case where the commission of an offense is charged. But, as the greater includes the less, it is manifest that in every case where an attempt is charged proof of the actual commission of the offense establishes the attempt. If the offender actually commits the offense, he necessarily attempted to do it, and proof of the

commission of the actual offense does not constitute a variance.

The logical inconsistency postulated by Townes simply does not exist in this State. A person intending to commit a crime intends also to attempt to commit that crime. The intent to attempt is viewed as correlative to and included within the intent to consummate. Accordingly, one who conspires to commit a crime concurrently conspires to attempt to commit that crime.

We suspect the indictment in this case contained a count of conspiracy to attempt the crime of false pretenses because the underlying facts showed that GEICO had not parted with any money, and therefore the substantive crime of false pretenses had not been consummated. The inclusion of this count was unnecessary. The conspiracy to commit false pretenses, charged in the first count, was complete when the agreement was made, and did not depend upon consummation of the intended crime. Although the second count may have been unnecessary, and indeed generated a potential for confusion that should militate against inclusion of similar counts in future charging documents, that count did charge a cognizable offense, and Townes' challenge to it on this ground must fail.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.