575 A.2d 792

**Marie Delores APOSTOLEDES**

v.

**STATE of Maryland.**

**No. 1642, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

June 29, 1990.

Arcangelo M. Tuminelli (Phillip M. Sutley, on the brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County of Towson, on the brief), for appellee.

Argued before BISHOP, ALPERT and FISCHER, JJ.

FISCHER, Judge.

Marie Delores Apostoledes appeals a decision by the Circuit Court for Baltimore County denying her motion to dismiss a criminal indictment in which she is named as a defendant. Appellant insists that the charges listed in the indictment are barred by double jeopardy principles. As we disagree with appellant's contention, we will affirm the ruling of the trial court.

This scenario unfolded on August 5, 1988 when Stephen Apostoledes, appellant's husband, was shot and killed. At the time of the shooting, Mr. Apostoledes was home with appellant and appellant's son, John Lacey. Both appellant and Lacey were subsequently indicted for the murder and for other related offenses. Lacey pleaded guilty to second degree murder, and appellant proceeded with a jury trial on charges of first degree murder, conspiracy to commit murder, unlawful use of a handgun in the commission of a felony or crime of violence, and accessory after the fact to murder.

After the close of the State's case, the court granted appellant's motion for judgment of acquittal with respect to conspiracy to commit murder. In so doing, the court concluded that there was no evidence "indicating a conspiracy before the fact." At the close of all the evidence, the judge granted appellant's motion for judgment of acquittal on the charge of accessory after the fact. The court also responded to appellant's collateral estoppel argument:

[Defense counsel]: Your Honor, we understood the Court to rule that based on the evidence in this case, there was insufficient evidence to find that there was any agreement prior to the shooting between Mrs. Apostoledes and John Lacey. What we are trying to direct the Court's attention to is if there was no evidence of an agreement, it is hard to logically see how she could have done anything to encourage or to aid or solicit this conduct on his part.

THE COURT: Well, I don't agree with that particular situation. Conspiracy is something that is formulated in advance. Just because an individual is not guilty of conspiracy doesn't mean that the individual cannot be guilty of aiding or abetting.

The jury was subsequently instructed, without exception, on first degree murder, second degree murder, use of a handgun in the commission of a crime of violence, and aiding and abetting. As the jury was unable to reach a unanimous verdict, the court declared a mistrial. The State now seeks to retry appellant on the murder and handgun charges.

In contending that a second trial is barred by double jeopardy principles, appellant advances a two-prong argument. She first claims that collateral estoppel precludes retrial on the murder and handgun charges, because "a second trial will necessarily require the State to relitigate a common, ultimate fact that was previously litigated in [appellant's] favor at her May, 1989 trial." Second, appellant maintains that a subsequent proceeding "would constitute a trial for the 'same offense' for which she has been previous-

ly acquitted." In support of both aspects of her argument, appellant points to her acquittal on the conspiracy charges as the factor which bars retrial on the murder and handgun counts.

■■■■ The Fifth Amendment to the United States Constitution and the Maryland common law provide that no person should be put in jeopardy twice for the same offense. Embodied in this prohibition is the doctrine of collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Robinson v. State,* 307 Md. 738, 741–743, 517 A.2d 94 (1986). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194. Assuming that collateral estoppel may apply to counts in a single indictment, *Ferrell v. State,* 318 Md. 235, 248–256, 567 A.2d 937 (1990), *petition for cert. filed,* 58 U.S.L.W. 3615 (U.S. March 27, 1990) (No. 89–1425), it does not operate in this case to foreclose appellant's retrial on the pending charges.

This is true in light of the factual finding the court rendered when acquitting appellant of conspiracy. In granting appellant's motion, the judge found no evidence of a prearrangement between appellant and Lacey to commit the murder. As the judge noted, however, the absence of an agreement prior to the crime did not preclude appellant from otherwise participating at the time of the crime. The remaining murder and handgun charges are, in fact, directed toward such subsequent involvement. Accordingly, retrial on those charges is not precluded by the doctrine of collateral estoppel.

■■■ Alternatively, appellant insists that a retrial for the murder and handgun charges will violate double jeopardy because she has already been acquitted of the same offenses by virtue of the acquittal on the conspiracy count. In support of this proposition, appellant cites *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548

(1990). While the principles enunciated in *Grady* are instructive, they do not dictate the result appellant seeks.

In *Grady,* the Supreme Court announced a two-step approach for resolving double jeopardy questions like those at issue here:

> To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* [*v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932),] test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Brown* [*v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).]

*Grady,* —— U.S. at ——, 110 S.Ct. at 2086.

> [But] a subsequent prosecution must do more than merely survive the *Blockburger* test. As we suggested in [*Illinois v.*] *Vitale,* [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980),] the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or a 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

*Grady,* —— U.S. at ——, 110 S.Ct. at 2087 (footnotes omitted).

We again remind appellant that the conspiracy charge concerned only agreements prior to the murder and not subsequent criminal conduct. Moreover, the distinction between conspiracy and the ensuing substantive crime is well established. "A conspiracy to commit a crime exists as an offense separate and distinct from the substantive crime that is the object of the conspiracy." *Townes v. State,* 314

Md. 71, 75, 548 A.2d 832 (1988). As the Court of Appeals stated in *Gilpin v. State,* 142 Md. 464, 468, 121 A. 354 (1923) (quoting 16 C.J. 280), " '[N]either an acquittal nor a conviction of a conspiracy to commit a crime is a bar to prosecution for the commission of that crime or for aiding and abetting another to commit it.' " We echoed this rule in *Jones v. State,* 8 Md.App. 370, 380, 259 A.2d 807 (1969) (citations omitted), "A criminal conspiracy is an offense distinct from the crime contemplated and the doctrine of merger is not applicable."

As the proof required for the murder and handgun charges, even if the State proceeds under an aiding and abetting theory, is distinct from that required under the conspiracy count, a retrial is not barred by the form of double jeopardy appellant refers to as "former jeopardy/acquittal." The trial court, therefore, properly denied appellant's motion to dismiss.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.