31 A.3d 184

**Terry Shawn STEVENSON**

**v.**

**STATE of Maryland.**

**No. 106, Sept. Term, 2010.**

Court of Appeals of Maryland.

Oct. 27, 2011.

Deborah S. Richardson, Assistant Public Defender (Paul B. DeWolfe, Public Defender, Baltimore, MD) on brief, for Petitioner/Cross–Respondent.

James E. Williams, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Respondent/Cross–Petitioner.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, * MURPHY, ADKINS, and BARBERA, JJ.

MURPHY, J.

In the Circuit Court for Somerset County, a jury convicted Terry Shawn Stevenson, Petitioner, of conspiracy to commit attempted armed robbery, and reckless endangerment. In an unreported opinion, the Court of Special Appeals affirmed the judgment entered on the conspiracy conviction, and reversed Petitioner's conviction for reckless endangerment. He then filed a petition for writ of certiorari in which he presented a single question for our review:

> Is conspiracy to commit attempted armed robbery, a doubly inchoate crime, a cognizable offense?

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

We granted the petition. 417 Md. 384, 10 A.3d 199 (2010). For the reasons that follow, we shall answer "yes" to this question, and therefore affirm the judgment of the Court of Special Appeals.

## Background

The State's evidence was sufficient to establish that on October 29, 2007, Petitioner—acting in concert with Adam Holland, Jerrell McNeely, and Joseph McCoy—made an unsuccessful attempt to rob one Kevin Williams. As a result of this botched attempted robbery, the Somerset County Grand Jury returned a six count indictment against Petitioner,[1] charging him with attempted robbery with a dangerous weapon and related offenses. The following counts of that indictment are of consequence to the issue before us:

STATE OF MARYLAND, SOMERSET COUNTY, TO WIT:

### [FIRST COUNT]

The Jurors for the County of Somerset and the State of Maryland inform and charge that Terry Shawn Stevenson on or about the 29th day of October in the year two thousand seven, did unlawfully and feloniously, with a dangerous weapon, attempt to rob Kevin Williams, in violation of CR 3–403 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State.

(ATT–ARMED ROBBERY CR Sec. 3–403).

\* \* \*

### THIRD COUNT

---

**1.** The second count charged the crime of reckless endangerment, and the sixth count charged that Petitioner "did participate in a criminal gang knowing that the members of the gang engage in an ongoing pattern of criminal gang activity in violation of CR 9–804 of the Annotated Code of Maryland[.]" Prior to trial, the State entered a *nolle prosequi* on count six.

And the Jurors for the County of Somerset and the State of Maryland, inform and charge that Terry Shawn Stevenson on said day, did conspire with Adam Holland to unlawfully and feloniously, with a dangerous weapon attempt to rob Kevin Williams in violation of the CR 3–403 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly in such case made and provided against the peace, government and dignity of the State.

(ATT–ARMED ROBBERY CR Sec. 3–403)

## FOURTH COUNT

And the Jurors for the County of Somerset and the State of Maryland, inform and charge that Terry Shawn Stevenson on said day, did conspire with Jerrell McNeely to unlawfully and feloniously, with a dangerous weapon attempt to rob Kevin Williams in violation of the CR 3–403 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly in such case made and provided against the peace, government and dignity of the State.

(ATT–ARMED ROBBERY CR Sec. 3–403)

## FIFTH COUNT

And the Jurors for the County of Somerset and the State of Maryland, inform and charge that Terry Shawn Stevenson on said day, did conspire with Joseph McCoy to unlawfully and feloniously, with a dangerous weapon attempt to rob Kevin Williams in violation of the CR 3–403 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly in such case made and provided against the peace, government and dignity of the State.

(ATT–ARMED ROBBERY CR Sec. 3–403)

The jury was provided with a VERDICT SHEET on which it returned the following verdicts:

## VERDICT SHEET

[COUNT 1]   Attempted Armed Robbery

Guilty            _____

Not Guilty        *X* _____

[COUNT 2]   Reckless Endangerment

Guilty            *X* _____

Not Guilty        _____

[COUNT 3]   Conspiracy—Attempted Armed Robbery (with Adam Holland)

Guilty            *X* _____

Not Guilty        _____

[COUNT 4]   Conspiracy—Attempted Armed Robbery (with Joseph McCoy)

Guilty            *X* _____

Not Guilty        _____

[COUNT 5]   Conspiracy—Attempted Armed Robbery (with Jerrell McNeely)

Guilty            *X* _____

Not Guilty        _____

The Circuit Court merged the conspiracy counts "for the purposes of sentencing" and imposed the following sentence:

[F]or the purposes of sentencing the court is going to merge counts three, four and five, and . . . will sentence as to count number 3[.] . . . [T]he sentence as to count three will be that [the Petitioner] will serve 15 years in the custody of the Commissioner of Corrections and I'll date that sentence from the date he was first incarcerated.

As stated above, the Court of Special Appeals reversed Petitioner's reckless endangerment conviction, but affirmed the judgment of conviction for conspiracy to commit attempted robbery with a dangerous weapon.

### Discussion

Petitioner (in the words of his *cert.* petition) argues:

Logically, one simply does not conspire to attempt, one conspires to do. A doubly inchoate crime defies logic and should not be subject to punishment. [Therefore] ... this Court [should hold] that conspiracy to attempt, a doubly inchoate crime, is not a cognizable offense.

In *Townes v. State,* 314 Md. 71, 548 A.2d 832 (1988), while holding that "conspiracy to *attempt* to obtain money ... by false pretenses" was "a cognizable crime," this Court stated:

> Townes argues that people ordinarily do not conspire merely to attempt to commit a crime, and therefore the law does not recognize as a crime a conspiracy to attempt to commit a criminal offense.
>
> *     *     *
>
> If we mechanically assemble the building blocks of the crime of conspiracy in the context of this case, it would seem that the crime of conspiracy to attempt to commit the crime of obtaining money by false pretenses fits the established mold. Obtaining money by false pretenses is a crime. Attempting to obtain money by false pretenses is a separate, self-standing crime. Accordingly, if a criminal conspiracy consists of an agreement to commit a crime, and an attempt to obtain money by false pretenses is a crime, it follows that the crime of conspiracy to attempt to obtain money by false pretenses fits the legal definition of conspiracy.
>
> Townes' argument is directed not to the question of literal compliance with the mechanical requirements of the offense of conspiracy, but to the logical consequences of assembling the component parts into this particular final product. He says that persons who conspire to commit a crime intend to complete that crime, and not to stop short of completion. Therefore, he argues, it is logically inconsistent to charge one with conspiracy merely to attempt a crime.
>
> *     *     *
>
> In *Lightfoot* [*v. State,* 278 Md. 231, 236–237, 360 A.2d 426, 429 (1976)], we quoted with approval from R. Perkins, *Criminal Law,* 554 (2d ed.1969) that "[t]he attempt is a

lower grade or degree of the offense because it is a part of it. It is not something separate and distinct."

> \*     \*     \*

> The logical inconsistency postulated by Townes simply does not exist in this State. A person intending to commit a crime intends also to attempt to commit that crime. The intent to attempt is viewed as correlative to and included within the intent to consummate. Accordingly, one who conspires to commit a crime concurrently conspires to attempt to commit that crime.

*Id.* at 74–77, 548 A.2d at 833–835.

Our holding in *Townes* is entirely consistent with the holding in *People v. Teitelbaum,* 163 Cal.App.2d 184, 329 P.2d 157 (1958), in which the Court of Appeal of California, Second Appellate District, affirmed a conviction under a count in an indictment that charged the defendant with conspiracy to commit the crime of attempted grand theft, stating:

> Appellant further charges that the court erred in defining "attempt" and instructing the jury that a person who conspires to commit grand theft is guilty of a crime, and that a person who conspires to attempt grand theft, is guilty of a crime. Appellant asserts that there is no such crime as conspiracy to attempt grand theft. We do not agree. A conspiracy to commit grand theft is inherently one to attempt that crime. If the conspirators are successful in accomplishing the object of the conspiracy, they have committed grand theft. If they are not successful, they have committed the crime of attempted grand theft.

*Id.* at 180.

Federal appellate courts have consistently held that, "if a separate federal statute specifically proscribes [the crime of] attempt, it is an offense against the United States and therefore an appropriate object of the [federal] conspiracy statute." Ira P. Robbins, Double Inchoate Crimes, 26 Harv. J. on Legis. 1, 58 (1989). Those courts have affirmed convictions for conspiracy to attempt the commission of a crime "in instances in which the conspiracy failed to realize an object offense for

which the statutory definition of the crime prohibited both the attempt and the substantive crime." *Id.* at 60. Conspiracy to attempt convictions have been affirmed in cases involving botched bank robberies. *Id.*

18 U.S.C. 2113(a), in pertinent part, provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

In *United States v. Clay,* 495 F.2d 700 (7th Cir.1974), while affirming convictions "for conspiring to attempt to enter and attempting to enter a savings and loan association," the United States Court of Appeals for the Seventh Circuit stated:

It is well-settled that a single conspiracy may have a multiplicity of objects, *Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), *United States v. Manton,* 107 F.2d 834 (2d Cir.1938[1939] ). All of the multifarious objects of the conspiracy need not be alleged to satisfy the statutory requirement for a criminal conspiracy under 18 U.S.C. § 371; however, the object alleged must be an "offense against the United States." While entering the savings and loan was obviously an objective of the conspiracy and a federal crime, the men necessarily contemplated their attempting to gain entry into the building, and such

attempts are expressly proscribed by 18 U.S.C. § 2113(a). As the pleading thus alleged an "offense against the United States" as the object of the conspiracy, the defendants' contention is without merit.

495 F.2d at 710.

*Clay* was cited with approval by the United States Court of Appeals for the Ninth Circuit in *United States v. Dearmore,* 672 F.2d 738 (9th Cir.1982). While affirming the conviction of a defendant found guilty of conspiracy "to commit an offense against the United States, to wit: the felony of attempted bank robbery[,]" and rejecting the argument that "an attempt cannot be a proper object of a conspiracy because conspiracy by definition contemplates a completed criminal action," the *Dearmore* Court stated:

Conspiracy is made criminal in order to strike against the special dangers incident to group activity. *Pinkerton v. United States,* 328 U.S. 640, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946). Thus, convictions for conspiracy have been upheld even when it was impossible for the conspirators to achieve their objective and even when the objective itself would not be unlawful if committed by an individual. E.g., *United States v. Meyers,* 529 F.2d 1033, 1037 (7th Cir.), cert. denied, 429 U.S. 894, 97 S.Ct. 253, 50 L.Ed.2d 176 (1976); *Beddow v. United States,* 70 F.2d 674, 676 (8th Cir.1934); W. LaFave & A. Scott, Handbook On Criminal Law 470–76 (1972); R. Perkins, Criminal Law 625–26 (2d ed.1969).

It is permitted to charge a violation of the general conspiracy statute, 18 U.S.C. § 371 (1976), for a plan to violate a specific statutory prohibition defining an attempt offense against the *United States. E.g., United States v. Mowad,* 641 F.2d 1067, 1074–75 (2d Cir.), cert. denied, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 86 (1981); *United States v. Chambers,* 515 F.Supp. 1, 3 (N.D.Ohio 1981).

Attempts to commit bank robberies are explicitly proscribed by 18 U.S.C. § 2113(a) (1976) and therefore are appropriate objects for conspiracy charges. *United States*

*v. Clay,* 495 F.2d 700, 710 (7th Cir.), cert. denied, 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974). We reject Dearmore's contention that attempted bank robbery cannot be the object of a conspiracy charged under 18 U.S.C. § 371. 672 F.2d at 740.

Clay was also cited with approval in *United States v. Mowad,* 641 F.2d 1067 (2d Cir.1981), a case in which the United States Court of Appeals for the Second Circuit affirmed convictions for "dealing in firearms without a license, attempting to export firearms without an export license, and conspiracy to commit the two foregoing offenses." *Id.* at 1069. In rejecting the argument that "conspiracy-to-attempt the commission of a substantive offense cannot, as a matter of law, state a crime," the *Mowad* Court stated:

Although this challenge to his conspiracy conviction has more merit perhaps than his challenges just discussed, we conclude that it too must fail. In support of his position, Mowad points to a case recently decided by the Fifth Circuit, *United States v. Meacham,* 626 F.2d 503 (5th Cir.1980), which held that a "conspiracy to attempt" charge in an indictment failed to state an offense. In *Meacham,* however, the Government attempted to combine the conspiracy and attempt provisions contained in two identically worded sections of the Comprehensive Drug Abuse Prevention and Control Act of 1970 to synthesize the offense of "conspiracy to attempt."

The situation in the present case, however, more closely resembles that involved in *United States v. Clay,* 495 F.2d 700 (7th Cir.), cert. denied, 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974), in which a "conspiracy to attempt" charge was held to be sufficient to state an offense. In *Clay,* as here, the Government combined the general criminal conspiracy provision, 18 U.S.C. § 371, with a specific statutory provision describing an "offense against the United States." Although it is probable that the "conspiracy to attempt" charge against Mowad was the result of careless indictment drafting and not innovative legal reasoning, the Government's charge contains all elements necessary to

prosecute a conspiracy: a provision making the act of conspiring a crime and a provision making the object of the conspiracy a crime.

641 F.2d at 1074 (footnote omitted).

The analysis of the *Clay, Dearmore,* and *Mowad* Courts is fully applicable to Maryland's armed robbery statute which, like the federal bank robbery statute, proscribes *both* the commission of a robbery and the attempt to commit that offense. Section 3–403 of the Criminal Law Article, in pertinent part, provides:

> (a) Prohibited.—**A person may not commit or attempt to commit robbery** . . .
>
> (1) with a dangerous weapon; or
>
> (2) by displaying a written instrument claiming that the person has possession of a dangerous weapon.

(Emphasis supplied).

Petitioner argues that our holding in *Townes* has been overruled by *Mitchell v. State,* 363 Md. 130, 767 A.2d 844 (2001), in which we held that "where the charge is made and the evidence shows that the defendant conspired to kill another person unlawfully and with malice aforethought, the conspiracy is necessarily one to commit murder in the first degree . . . as the agreement itself, for the purposes of the conspiracy would supply the necessary deliberation and premeditation." *Id.* at 149, 767 A.2d at 854. While *Mitchell* has made it clear that a "conspiracy to attempt a *second degree* murder" is not a cognizable offense, that case is in no way inconsistent with *Townes,*[2] under which a "conspiracy to attempt a first degree murder" is a cognizable offense.

---

**2.** In fact, *Mitchell* cites *Townes* approvingly for the following proposition:

> A criminal conspiracy consists of the combination of two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. The essence of a criminal conspiracy is an unlawful agreement. The agreement need not be formal or spoken, provided there is a meeting of the minds reflecting a unity of purpose and design. In Maryland, the crime is complete when the

Although we agree with Petitioner that (in the words of his brief), "[t]he law as it exists today would have sufficiently criminalized Petitioner's behavior," it is of no consequence that the State's evidence was sufficient to support a "conspiracy to commit robbery" conviction. In *State v. Rich,* 415 Md. 567, 3 A.3d 1210 (2010), we quoted with approval the following analysis in *Williams v. State,* 100 Md.App. 468, 641 A.2d 990 (1994):

> [While] it is always a defense to prove that one is less culpable than charged. It is not a defense to prove that one is more culpable than charged. One does not defend against a charge of second-degree murder by proving that one was really guilty of first-degree murder. To prove culpability at a given level, the State is not required to disprove greater culpability[.]
>
> *      *      *
>
> Whenever there is doubt as to the appropriate level of guilt, the defendant, of course, receives the benefit of the doubt and is convicted only at the lower level. A defendant is never, however, entitled to total exculpation simply because there is ambiguity as to his level of guilt. Different levels of culpability are not neatly abutting and mutually exclusive so as to render one necessarily inconsistent with the other.

*Id.* at 583 n. 3, 3 A.3d at 1219 n. 3, (quoting *Williams, supra,* 100 Md.App. at 476–78, 641 A.2d at 993–995).

For the reasons stated above, we hold that conspiracy to commit attempted armed robbery is a cognizable crime, and affirm the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; PETITIONER TO PAY THE COSTS.**

Chief Judge BELL and Judge GREENE join in the judgment only.

---

unlawful agreement is reached, and no overt act in furtherance of the agreement need be shown.
363 Md. at 145, 767 A.2d at 852.