REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1387

September Term, 2014

OCTAVIUS SAVAGE

v.

STATE OF MARYLAND

Kehoe,
Leahy,
Raker, Irma S.
   (Retired, specially assigned),

JJ.

Opinion by Raker, J.

Filed: March 23, 2016

Octavius Savage was convicted in the Circuit Court for Baltimore City on April 10, 2008, of conspiracy to commit murder in case number 106166006, and second degree murder in case number 106166004. In 2011, on direct appeal, this Court affirmed his convictions. This appeal involves appellant's third motion to correct an illegal sentence. He presents the following question for our review:

> "Did the lower court abuse its discretion by imposing an Illegal sentence when it sentenced Petitioner to life for conspiracy to commit first degree murder?"

After reviewing appellant's brief, we re-framed appellant's question as follows:

> "Is a conviction for conspiracy to commit murder a legally inconsistent verdict with a conviction of second degree murder, following an acquittal of first degree murder, and if the answer is in the affirmative what effect does such verdict have, if any, on appellant's sentence of life imprisonment?"

We shall hold that the court did not err nor abuse its discretion in imposing a sentence of life imprisonment for the conviction of conspiracy to commit murder. We shall hold that a conviction for conspiracy to commit murder is not legally inconsistent with the conviction for second degree murder and acquittal of first degree murder.

I.

Appellant was charged in several separate indictments, charging felony murder of Donald Russell, murder of Donald Russell, and conspiracy with Tiffany Brown to murder Donald Russell, and to commit robbery, assault, and theft of a vehicle, currency and drugs. The indictments were consolidated for trial. The only judgments before this Court in this

appeal are the convictions for second degree murder and conspiracy to commit murder. The

State used the statutory short form for the murder indictment.[1] Md. Code Ann., Crim. Law

§§ 2-201, -204, -207, -208 (2012 Repl. Vol.).[2]

At sentencing, the court addressed the conspiracy conviction and the murder

conviction, noting:

> "[That appellant] was convicted in count one of 10616606,
> conspiracy to murder, which has to be conspiracy first-
> degree—there's no such thing as conspiracy second-degree— .
> . . ."

The court sentenced appellant to a term of incarceration of thirty years on the second degree

murder conviction, and a term of life imprisonment on the conspiracy to commit murder

conviction. The maximum statutory penalty for second degree murder is thirty years. § 2-

204(b). The penalty for first degree murder is life imprisonment. § 2-201(b). The statutory

penalty for conspiracy "may not exceed the maximum punishment for the crime that the

person conspired to commit." § 1-202.

Although not contained in this record, it is clear that appellant's two prior motions to

correct an illegal sentence were denied. He tries again.

---

[1] "(a) *Contents*. — An indictment for murder or manslaughter is sufficient if it
substantially states:
'(name of defendant) on (date) in (county) feloniously (willfully and with deliberately
premeditated malice) killed (and murdered) (name of victim) against the peace,
government, and dignity of the State.'."
Md. Code, Crim. Law § 2-208.

[2] All subsequent statutory references herein shall be to the Criminal Law Article.

-2-

II.

Inasmuch as appellant is self-represented, we will read his brief liberally. He presents

several arguments. First, he argues that the underlying crime of the conspiracy to commit

murder is second degree murder. Appellant posits that the trial judge had the discretion to

merge for sentencing purposes the conspiracy conviction, and failed to do so. Second,

appellant argues that the trial judge "abused his discretion" in finding that the conspiracy was

to commit first degree murder because the jury acquitted him of first degree and only

convicted him of second degree murder. He recognizes that, in Maryland, there is no crime

of conspiracy to commit second degree murder. *See Mitchell v. State*, 363 Md. 130, 767

A.2d 844 (2001). He concludes as follows:

> "This sentence should not have been imposed. The trial court
> abused it's discretion, sentencing the Petitioner in violation of
> the Maryland Declaration of Rights to life for conspiracy to
> commit murder when the underlying crime of second degree
> murder carries a maximum penalty of 30 years imprisonment."

The State maintains that appellant's sentence was not illegal. First, the State suggests,

albeit only in a footnote, that we should not consider this appeal as it does not fall within

those properly appealable sentences under Maryland Rule 4-345(a),[3] because it is not

"inherently illegal." On the merits, the State argues that the trial court was correct in

concluding that appellant was convicted of conspiracy to commit first degree murder; that

_____

[3]Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time." Inasmuch as appellant claims that this sentence is legally inconsistent, we will find that his appeal is cognizable.

the maximum penalty for the underlying offense was life imprisonment; and that the flagship count in the indictment was first degree murder.

On our own initiative, we address whether a conviction for conspiracy to commit murder in light of a conviction for second degree murder is a legally inconsistent verdict. If it is so, it is invalid and cannot stand. We issued an Order requesting the State to address the question of whether the two convictions were inconsistent. The State responded that appellant did not preserve or otherwise waived an inconsistent verdict argument, that such an argument is not cognizable as an illegal sentence claim as an inconsistent verdict has nothing to do with sentencing, and is otherwise without merit because the verdicts were not inconsistent.

III.

Appellant, charged in the statutory short form indictment, stood charged with the crimes of first degree murder, second degree murder and manslaughter. He noted no exception or objection to the form of the indictment. Hence, the State is correct that the flagship count was first degree murder. The State and appellant agree that there is no crime in Maryland of conspiracy to commit second degree murder. Thus, appellant was charged with conspiracy to commit first degree murder and convicted of that charge, the only valid conspiracy charge before the jury.

The trial court did not err in concluding that appellant was convicted of conspiracy

to commit first degree murder. And the trial court did not err nor abuse its discretion in failing to merge the two convictions for sentencing purposes. Each of those crimes are separate ones, with separate elements, and they do not merge. *Bishop v. State*, 218 Md. App. 472, 508, 98 A.3d 317, 338 (2014) *cert. denied*, 441 Md. 218, 107 A.3d 1141 (2015) (sentence for conspiracy does not merge with murder sentence). Although the trial judge sentenced appellant to terms of incarceration beyond the suggested sentencing guidelines, the trial court properly exercised its discretion in so doing. We have not been directed to any improper consideration by the trial court, other than appellant's argument that the convictions should have been merged.

We turn now to the question of whether the two convictions are legally inconsistent. We hold that they are not.

Maryland has long held that legally inconsistent verdicts of guilt cannot stand. In *Price v. State*, 405 Md. 10, 949 A.2d 619 (2008), the Court of Appeals stated as follows:

> "Even with regard to inconsistent jury verdicts in criminal cases, Maryland cases have from time to time narrowed the area of toleration. Thus, inconsistent jury verdicts of guilty have long been held to be invalid. *See*, *e.g.*, *Shell v. State*, *supra*, 307 Md. at 55, 512 A.2d at 362 ('[N]ot all inconsistent verdicts are permitted to stand . . . [, such as] "inconsistent verdicts of guilty under different counts of the same indictment," ' quoting *Johnson v. State*, *supra*, 238 Md. at 541, 209 A.2d at 771); *Mack v. State*, *supra*, 300 Md. at 601, 479 A.2d at 1353 (Inconsistent jury 'finding[s] of guilt on two inconsistent counts [are] invalid'); *Fletcher v. State*, 231 Md. 190, 189 A.2d 641 (1963); *Leet v. State*, 203 Md. 285, 293, 100 A.2d 789, 793 (1953) ('[I]t is true that a [jury] finding of *guilt* on two inconsistent counts will be declared invalid in Maryland')."

*Id.* at 20. Inconsistent verdicts of guilty under different counts of the same indictment, when both counts depended upon the same alleged acts, cannot stand. *Shell v. State*, 307 Md. 46, 55, 512 A.2d 358, 362 (1986) *abrogated on other grounds by Price v. State*, 405 Md. 10, 949 A.2d 619 (2008) (quoting *Johnson v. State*, 238 Md. 528, 541, 209 A.2d 765, 771 (1965)). Significantly, the rules are different for factually inconsistent verdicts as opposed to legally inconsistent verdicts. *McNealy v. State*, 426 Md. 455, 44 A.3d 982 (2012).

Judge Glenn T. Harrell, Jr., cogently described the difference between legally inconsistent verdicts and factually inconsistent verdicts in his concurring opinion in *Price*. Pointing out that *Price* only applies to legally inconsistent verdicts, he described a factually inconsistent verdict as follows:

> "A factually inconsistent verdict is one where a jury renders 'different verdicts on crimes with distinct elements when there was only one set of proof at a given trial, which makes the verdict illogical.' Ashlee Smith, Comment, *Vice–AVerdict: Legally Inconsistent Jury Verdicts Should Not Stand in Maryland*, 35 U.BALT. L.REV. 395, 397 n. 16 (2006). The feature distinguishing a factually inconsistent verdict from a legally inconsistent verdict is that a factually inconsistent verdict is merely illogical. By contrast, a legally inconsistent verdict occurs where a jury acts contrary to a trial judge's proper instructions regarding the law."

405 Md. at 35, 949 A.2d at 634. He explained a legally inconsistent verdict as follows:

> "A legal inconsistency, by contrast, occurs when 'an acquittal on one charge is conclusive as to an element which is necessary to and inherent in a charge on which a conviction has occurred . . . .' Stephen T. Wax, *Inconsistent and Repugnant Verdicts in Criminal Trials*, 24 N.Y.L. SCH. L. REV. 713, 740 (1979). Similarly, the Supreme Court of Rhode Island stated that 'if the

essential elements of the count[s] of which the defendant is acquitted are identical and necessary to prove the count of which the defendant is convicted, then the verdicts are inconsistent.' *State v. Arroyo*, 844 A.2d 163, 171 (R.I.2004) (internal quotation omitted). 'Verdicts of guilty of crime A but not guilty of crime B, where both crimes arise out of the same set of facts, are legally inconsistent when they necessarily involve the conclusion that the same essential element or elements of each crime were found both to exist and not to exist.' *People v. Frias*, 99 Ill.2d 193, 75 Ill.Dec. 674, 457 N.E.2d 1233, 1235 (1983)."

405 Md. At 37-38, 949 A.2 at 635-36.

An example of a legally inconsistent verdict is where a defendant is charged with armed robbery and use of a handgun in the commission of a crime of violence. Defendant is acquitted of the armed robbery. Conviction on the use of the handgun charge, arising out of the same facts, is legally inconsistent. Similarly, defendant is charged with distribution of drugs and possession of drugs. Defendant is acquitted of possession of drugs. Conviction for the distribution, arising out of the same facts, is legally inconsistent. Defendant is convicted of receiving stolen property and theft of the same property. Those convictions are legally inconsistent as one cannot be both the thief and the receiver of the same property. *Bell v. State*, 220 Md. 75, 80-81, 150 A.2d 908, 911 (1959). On the other hand, conviction for conspiracy to commit murder and murder are not legally inconsistent. To establish a conspiracy, the State must prove that two or more persons combined or agreed to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. *Mitchell*, 363 Md. at 145, 767 A.2d at 852 (quoting *Townes v. State*, 314 Md. 71, 75, 548 A.2d 832, 834

-8-

(1988)). The essence of a criminal conspiracy is an unlawful agreement. *Id.* The necessary

proof elements for first degree murder are as follows: a murder that is a deliberate,

premeditated, and willful killing. § 2-201. Each crime has an element different from the

other; they do not merge. *Bishop v. State*, 218 Md. App. 472, 503-08, 98 A.3d 317, 335-38

(2014) *cert. denied*, 441 Md. 218, 107 A.3d 1141 (2015). The crime of conspiracy is

complete when the agreement to undertake the illegal act is formed. *Alston v. State*, 414 Md.

92, 114, 994 A.2d 896, 909 (2010). The crime is unaffected by the performance of the act.

Not only is the offense of conspiracy complete when the unlawful agreement is reached, but

a conspiracy to commit a crime is entirely separate from the substantive crime. As the Court

of Appeals explained in *Grandison v. State*, 305 Md. 685, 759, 506 A.2d 580, 617 (1986),

regarding conspiracy to murder:

> "[O]nce the agreement to murder has been made, the crime is complete without any further action. . . . Conspiracy to murder requires an agreement, while murder, regardless of whether one is convicted as an accessory or a principal, requires the completed crime. Thus it is apparent that the conspiracy to murder is a separate and distinct crime from the substantive crime itself."

*Mitchell v. State*, 363 Md. 130, 767 A.2d 844 (2001) is dispositive of the issue before

us. In *Mitchell*, the Court of Appeals considered the question of whether conspiracy to

commit second degree murder is a crime in Maryland. In addressing that issue, the Court

considered *State v. Arnold*, 393 S.E.2d 140 (N.C. Ct. App. 1990). There, the defendant was

convicted of second degree murder and conspiracy to commit first degree murder. *Id.* On appeal, she argued that the conspiracy charge should have been dismissed because it is legally impossible to conspire to commit second degree murder. *Id.* The Court of Appeals interpreted her argument to include "an asserted inconsistency between the conspiracy charge, alleging an agreement to commit first degree murder, and the actual murder conviction, which was for second degree murder." *Mitchell*, 363 Md. at 138, 767 A.2d at 848. The significant reasoning follows:

> "The court concluded that, as the conspiracy occurs when the agreement is made, it is not affected by the degree of the substantive crime actually committed, and that the verdicts were therefore not inconsistent. Implicitly, and *quite correctly*, the court necessarily concluded that it was legally possible for one to conspire to commit first degree murder even though the crime actually committed amounts only to second degree murder. *See also State v. Leonardo,* 119 R.I. 7, 375 A.2d 1388 (1977), to the same effect."

The guilty verdicts for conspiracy to commit murder and second degree murder in the case at bar are not legally inconsistent.[4]

---

[4]Steven T. Wax, in his insightful law review article, *Inconsistent and Repugnant Verdicts in Criminal Trials,* N.Y.L. SCH. L. REV. Vol. 24, 713, set out a proposed rule for inconsistent verdicts. Under his proposed rule, the verdicts in the instant case are not inconsistent or repugnant. His rule is as follows:

> "When acquittal on one charge is conclusive as to an *element* which is *necessary* to and inherent in a charge on which a conviction has occurred, the conviction should be reversed. Whether such verdicts are labeled 'inconsistent' or 'repugnant' is unimportant. A corollary to the basic rule is that all other verdicts which have heretofore been characterized as

-10-

> inconsistent may stand.
>
> Under the proposed rule, the determinant would be legal rather than factual inconsistency.  An illogical application of the facts of a given case would not result in a reversal.  Thus, differing verdicts on crimes with separate elements in cases where only one set of proof was offered at trial and the proof appeared to make out both crimes would nevertheless be permitted to stand.  The existence of illogic on the facts would be countenanced so long as it does not give rise to contradiction with respect to statutory elements."

*Id.* at 740.

In the case at bar, appellant's acquittal on first degree murder and theoretically an acquittal as to premeditation and deliberation element, is not one which is necessary and inherent to the conviction for conspiracy to commit first degree murder.  This is so because the conspiratorial agreement itself provides the necessary element of premeditation and deliberation and once the parties agree to commit the murder, that element is supplied.  As Mr. Wax notes above, an illogical result on the facts is permitted to stand.

-11-